S. MORTIMER HILL, Respondent, *v.* NEW AMSTERDAM CASUALTY COMPANY, Appellant.

First Department, February 6, 1925.

Insurance — automobile liability insurance — action by insured to recover over against insurer — policy insured against accident caused by automobile — evidence shows that plaintiff lighted match near gasoline tank and that gasoline was ignited — clothes of injured person caught fire while he was trying to put out fire — defendant is not liable.

An insurance company is not liable on a policy of automobile liability insurance covering accidents caused by the automobile, for an injury suffered by a third person, where it appears that the insured stopped at a gas station and while there lighted a match near the intake to the automobile gas tank and thereby set fire to the gasoline; that the injured person, an attendant at the gas station, suffered injuries from the burns which were caused when his clothes caught fire while he was trying to extinguish the flames.

The accident does not come within the terms of the policy which was against injuries caused by the automobile, since the proximate cause of the injury was the independent negligence of the plaintiff in lighting the match near the gasoline tank.

APPEAL by the defendant, New Amsterdam Casualty Company, from a determination and order of the Appellate Term of the Supreme Court, First Department, entered in the office of the clerk of the county of New York on the 19th day of June, 1924, affirming a judgment of the City Court of the City of New York in favor of the plaintiff; also, as stated in the notice of appeal, from the judgment of the City Court of the City of New York in favor of the plaintiff, entered in the office of the clerk of said court

on the 4th day of February, 1924, and also from an order entered in said clerk's office on the same day, denying defendant's motion for a new trial made upon the minutes.

*Frederick Mellor* [*David Harriman Scott* with him on the brief], for the appellant.

*Maxwell Arent*, for the respondent.

FINCH, J.:

The action is brought upon a policy of automobile liability insurance, whereby the defendant undertook to " insure the assured against loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered, as the result of an accident occurring while this policy is in force   *   *   * caused by the automobiles described in the schedule hereof *   *   *." It appears that a fire occurred subsequent to gasoline being put in the tank of an automobile, causing injury to a third party, who sued the plaintiff. The plaintiff called on the defendant to defend, but the latter refused, on the ground that the accident was not covered by the policy. A judgment was recovered against the plaintiff, who now sues the defendant for indemnity under the policy.

According to the plaintiff's testimony on the trial in the case at bar, he drove his automobile into a service station near Amityville in order to obtain gasoline. Becoming impatient at delay in being served, he got out of the car and taking the cap off the gasoline tank, lighted a match and leaned over the dial to ascertain how much gas was in the tank. " As I did that the flames burst up out of the tank, and about simultaneously the service man had come around from the other side of the car   *   *   * with the pipe there to put in the gasoline.   *   *.   * The flames burst out of the tank and he stepped back with this pipe and I picked up a piece of cardboard and put out the flames over the tank.   *   *   * His clothing caught fire as a result of that.'

The plaintiff, on cross-examination, admitted that he testified in the action brought against him by the garage attendant, as follows: " Just as I lighted this match Mr. Gehrke must have come from the other side — I did not see him — with this hose pipe, and brought it down to my tank, and with a very slight breeze that was coming this lighted up at the end of the hose pipe.   *   *   * Whether the hose pipe was inserted into the tank or not I am not absolutely positive. But it was in the approximate area to the opening of the tank. That is he dropped his hose back and the amount of gasoline in it did catch fire to the opening of my tank and also a couple of places on the grass nearby.   *   *   * Q.

Anywhere on his clothes? A. Not at that time. * * * Q. Then what happened? A. Then the fire went up to the top of the tank, just a very light blaze, which would be the amount of gasoline that was probably on top of the tank, may be two or three inches, and there were two places in the grass as I recall that blazed up, which would be similar to gasoline if you poured oil on grass anywhere. * * * Then Mr. Gehrke became very excited and attempted to go and get some grass or some sand to stamp out this fire that was burning around the car and the tank and the base of the tank. * * * After I should say about a minute or two minutes time he said ' Oh, I am all on fire,' and I noticed at that time * * * that his clothes were on fire around the feet and a little around the shoulder."

At the trial of the action brought against plaintiff, he also testified that to the best of his belief the hose was not inserted in the tank, " but I think the plaintiff [Gehrke] had brought this down to the proximity of the tank, *because* the opening of the tank got ablaze with gasoline " (indicating that the hose first caught fire and communicated the fire to the tank). Plaintiff further admitted that in the action against him he testified the car was pushed away from the blaze, and that in answer to the question whether Gehrke caught fire before the car was pushed away, plaintiff said: " That I can't recall. He did not take fire at the time the blaze started. * * * Q. Your version, as I take it, is he took fire in attempting to extinguish the blaze on the tank and pump? A. Yes, he took fire after this blaze had started and after dropping the hose and walking away."

The plaintiff was then asked the following question, in this trial: " Q. So now you want the jury to understand he caught fire from the flames on the ground, and you so testified in Nassau County, didn't you? A. I testified to that because that is what I thought happened. I didn't know whether he caught fire at the time or not as an absolute fact. There was a lot of excitement there, flames blazing out of the tank and fire around the pump pipe at the time or later, I don't know; I thought that took fire later. * * * *I do not know*." Plaintiff further admitted he testified in the action against him that Gehrke was burned in attempting to stamp out the flames on the ground.

The plaintiff has thus failed to show that the garage attendant was injured by the automobile. It conclusively appears from the plaintiff's testimony at the former trial that the man was set on fire by burning grass at a time subsequent to the explosion. The plaintiff has thus failed to establish a cause of action, even on the assumption that the defendant would be liable if the injured man

was set on fire by blazing gas from the tank of the automobile, upon the theory that while the lighting of the match was the proximate cause, the gas in the automobile was the means — which would be a construction very favorable to the plaintiff.

The real difficulty with the case of the plaintiff, however, is that the automobile cannot be said to be the proximate cause of the injury, since to make it the proximate cause there must be a logical sequence in a natural course between the automobile and the fire, whereas the lighting of the match was an independent intervening cause. In other words, the injury could not be said to be caused by the automobile but by the independent negligence of the plaintiff.

For these reasons the determination appealed from and the judgment of the City Court should be reversed and the complaint dismissed, with costs to the appellant in all courts.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Determination of Appellate Term and judgment of the City Court reversed and complaint dismissed, with costs to appellant in all courts.