HENRY STEIR, an Infant, by WOLF STEIR, His Guardian ad Litem, and Another, Respondents, *v.* LONDON GUARANTEE & ACCIDENT COMPANY, LIMITED, OF LONDON, ENGLAND, Appellant.

First Department, November 1, 1929.

*Leo C. Weiler* of counsel [*Max Ash* with him on the brief; *William E. Lowther*, attorney], for the appellant.

*Jacob Zelenko* of counsel [*David D. Glanz*, attorney], for the respondents.

FINCH, J. The only question involved in this appeal is whether the accident upon which the plaintiff's claim is based falls within the coverage of an insurance policy. More specifically, the question concerns the proximate cause of the accident.

An action brought in the City Court by a father for loss of service was consolidated with an action brought in this court by infant plaintiff for damages for personal injuries. From a judgment in favor of the plaintiff at Trial Term, a jury having been waived, the defendant appeals.

The defendant insured one Isidore Roselinsky against claims from injuries received by reason of the ownership or maintenance of an automobile. Roselinsky is now insolvent and, execution against his property having been duly returned unsatisfied prior to the commencement of this action, the injured parties brought suit against the insurance company.

The infant plaintiff was on the sidewalk while Roselinsky was engaged in cleaning his automobile by dipping the spark plugs in an open can of kerosene placed by the side of the car. Roselinsky lit a cigarette and carelessly threw the match in the can of kerosene and then, to save the automobile, kicked the can of kerosene away and thereby caused the injuries to the infant plaintiff. Upon this statement of facts no recovery can be had against the defendant. The proximate cause of the accident did not arise out of the open can of kerosene. No harm to the plaintiff would have resulted from the can of kerosene were it not for the throwing of the match, which latter act constituted an intervening, independent cause resulting, in a natural sequence of events, in the injury to the infant plaintiff. If the word "maintenance," as used in the insurance policy, did not include the cleaning of the spark plugs, there would be of course no liability. Assuming without deciding that the term "maintenance," as used in the policy, included repairs to the automobile, a pertinent illustration of liability would arise if, instead of the match, a spark from the exhaust of the automobile had ignited the can of kerosene. The match, however, as distinguished from a spark proceeding from the exhaust of the automobile, was in no sense connected with the automobile or its ownership, operation or maintenance, and hence the throwing of the match was an independent, intervening cause of the accident. In order to hold the defendant responsible for this accident, it must be found that it arose as a natural and probable consequence from the act of the insured in using an open can of kerosene to clean the spark plugs and the injury must have directly resulted from this act according to common experience and the usual course of events and can be said to have been reasonably expected there-

from. It is clear that the mere presence of the open can of kerosene in connection with its use in cleaning the spark plugs would not have so resulted in injuries to the infant plaintiff. Nor could it reasonably be expected according to the common experience and the usual course of events that a lighted match would be thrown into the can of kerosene. The proximate cause of the accident, therefore, was not the open can of kerosene but the throwing of the match therein. (*Hall* v. *New York Telephone Co.*, 214 N. Y. 49; *Hill* v. *New Amsterdam Casualty Co.*, 211 App. Div. 747.) The injury cannot be said to have been caused by the cleaning of the automobile, but by the independent negligence in the throwing of the match.

It follows that the judgment appealed from should be reversed, with costs, and the complaints dismissed, with costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur·

Judgment reversed, with costs, and complaints dismissed, with costs.