Thomas F. Roche, Appellant, *v.* United States Fidelity and Guaranty Company, Respondent.

Thomas J. Roche, Appellant, *v.* United States Fidelity and Guaranty Company, Respondent.

Second Department, April 13, 1936.

*Milton Pinkus*, for the appellants.

*William Dike Reed*, for the respondent.

ADEL, J. These actions are brought under the provisions of section 109 of the Insurance Law. The plaintiffs had previously recovered judgments against one Hoffman for damages sustained due to his negligence. The judgment in the case of plaintiff Thomas J. Roche, an infant, was for personal injuries suffered by him, while the judgment in the case of the father, the other plaintiff, was for expenses and loss of services. The cases were tried together by the court without a jury and the judgments appealed from were entered upon a verdict in favor of the defendant in each case.

The defendant was the insurer under its policy of insurance issued to Hoffman, the owner of the automobile over which the negligence actions arose, and disclaimed liability; it did not defend the suits against Hoffman. The indemnity clause in the policy provides that the defendant agrees " To pay all sums which the Assured shall become liable to pay as damages imposed upon him by law for bodily injury * * * accidentally sustained by any person or persons if caused by the ownership, maintenance or use of any automobile disclosed in the Declarations for the purposes therein stated."

To decide these cases we must determine whether the provisions of the policy were intended to cover damages for personal injuries suffered as a result of the happening under the facts upon which the plaintiffs rely, which are as follows:

Plaintiff Thomas J. Roche was, on July 15, 1930, employed as an attendant at a gasoline filling station located at 85 Jericho turnpike, Mineola, N. Y. Hoffman drove into the station at about nine P. M. on that day, and ordered gas. Hoffman's automobile had a gasoline gauge on the tank in the rear, the gauge being on the left side of the tank and the hose opening on the right side. Plaintiff Thomas J. Roche, the attendant, inserted the hose and was pumping gas into the tank; Hoffman left the automobile and walked around behind it a distance of about eight feet from the rear, and at that time, while Hoffman was standing that distance behind the automobile, plaintiff Thomas J. Roche asked Hoffman the number of gallons required, and Hoffman, intending to examine the dial on the gauge, approached the automobile with a lighted cigarette in his mouth and a lighted match in his hand to within about three feet of the tank; and when Hoffman reached this point the gas fumes became ignited, either from the lighted cigarette or lighted match, causing an explosion, which resulted in plaintiff Thomas J. Roche being seriously burned by the fumes from the tank.

In resolving the question, we have in mind the tendency of the courts to give liberal interpretation to statutes which protect from loss those in any way injured by the acts of the insured and give them benefit of insurance policies. (*Bakker* v. *Ætna Life Ins. Co.*, 264 N. Y. 150; *Hansen* v. *Continental Ins. Co.*, 262 id. 136; *Tulchinsky* v. *Pub. Serv. Mut. Cas. Ins. Corp.*, 245 App. Div. 382; *Shaw* v. *Citizens Casualty Co.*, 241 id. 399; *Floyd* v. *Consolidated Indemnity & Insurance Co.*, 237 id. 190; *Engelson* v. *Commerce Casualty Co.*, 149 Misc. 886.)

Applying the rule of liberal interpretation, we think that the injuries suffered by plaintiff, for which he recovered judgment against the owner of the automobile, were suffered as a result of the ownership, maintenance or use thereof.

The trial court in its opinion cites *Steir* v. *London Guarantee & Accident Co., Ltd.* (227 App. Div. 37; affd., without opinion, 254 N. Y. 576), and *Hill* v. *New Amsterdam Casualty Co.* (211 App. Div. 747) as authority for its conclusion that the defendant was not liable under its policy. These cases seem to us to be clearly distinguishable from the cases at bar.

In the *Steir Case* (*supra*), in which it appears that the defendant insured against accident caused as a result of the ownership, operation or maintenance of an automobile, the plaintiff was burned by reason of the insured dropping a lighted match into an open can of kerosene while engaged in cleaning spark plugs by dipping them in the kerosene, and, to save the automobile from fire, the insured kicked the burning can toward the plaintiff and injured him. The court held that the proximate cause of the accident was not the open can of kerosene but the throwing of the lighted match into it, and that the injury was not caused by the cleaning of the automobile spark plugs but by an intervening, independent cause, resulting, in a natural sequence of events, in the injury to the plaintiff, and that the match was in no sense connected with the automobile or its ownership, operation or maintenance..

In the *Hill Case* (*supra*) the policy provided indemnity against " loss from the liability imposed by law upon the assured for damages on account of bodily injuries or death suffered, as the result of an accident occurring while this policy is in force * * * caused by the automobiles described in the schedule hereof." While the provision with respect to liability in this policy is different from the one in the case at bar, we believe its effect is the same. It appeared from plaintiff's testimony in the *Hill Case* (*supra*) that the injured party was set on fire by burning grass, at a time

subsequent to the explosion caused by a lighted match in the hand of the owner while leaning over the dial to ascertain how much gas was in the tank. The court stated (at pp. 749, 750): " The plaintiff has thus failed to establish a cause of action, even on the assumption that the defendant would be liable if the injured man was set on fire by blazing gas from the tank of the automobile, upon the theory that while the lighting of the match was the proximate cause, the gas in the automobile was the means — which would be a construction very favorable to the plaintiff."

The *Hill Case* (*supra*) is not useful as an authority in point, as the court was there concerned with the construction of a policy which provided insurance against loss from liability imposed by law upon the insured for damages on account of bodily injuries or death suffered " as the result of an accident  *  *  *  *caused by the automobiles* described in the schedule hereof." In that case the court found the damage was caused, not by the automobile, but by the lighted cigarette. That finding required a holding that the insurer was not liable under the express terms of the policy.

In the present cases the pertinent terms of the policy are more comprehensive, and cover accidents caused by the " *ownership, maintenance or use* of any automobile disclosed in the Declarations for the purposes therein stated."

Unlike the *Steir* case, wherein the act of throwing a match into the can of kerosene was in no sense connected with the ownership, operation or use of the automobile, the act of the insured in the cases at bar in walking toward the tank with a lighted cigarette in his mouth and a lighted match in his hand to examine the dial of the gauge, at a time when visibility must have been poor, was clearly related to or connected with the ownership, maintenance or use of his automobile.

Can it be said as a matter of law that it was not essential to the maintenance or use of the automobile of the insured that the insured ascertain the amount of the gas in the tank? It seems not.

It is our opinion that there was no intervening, independent or proximate cause of the accident other than that incidental to the ownership, maintenance or use of the automobile. The injuries were caused by the careless and negligent act of the insured in approaching the automobile with a lighted cigarette in his mouth and a lighted match in his hand.

For these reasons, the judgment in the action of plaintiff Thomas J. Roche, the injured party, should be reversed on the law, with costs, and judgment directed for the plaintiff for the amount demanded in the complaint, with costs.

However, in the action by the father of the injured party, the point raised by the defendant that this plaintiff has no cause of action against the defendant under section 109 of the Insurance Law, for the reason that the policy covered only " bodily injury," seems to be well taken.

In the case of *Brustein* v. *New Amsterdam Casualty Co.* (255 N. Y. 137) an action was brought by the husband to recover the amount of a judgment for loss of services resulting from injuries to the wife. The policy insured against loss in respect to " bodily injuries or death." The court said: " The policy in suit covers accidents resulting in ' bodily injuries or death.' The language limits the coverage to such injuries only and does not include all injuries to person or personal injuries as the term is defined by General Construction Law (Cons. Laws, ch. 22), section 37-a. Obviously the husband receives no ' bodily injury ' from the loss of his wife's services; nor is his wife his property so that an injury to her person is an injury to his property."

It is urged by plaintiff Thomas F. Roche that the *Brustein* case does not apply, because the policy in the case under consideration is broader in scope and more nearly approaches the language of the policy in *Floyd* v. *Consolidated Indemnity & Insurance Co.* (237 App. Div. 190 [2d Dept.]), where the language was " on account of death or bodily injuries," but went further by reading " and including loss arising from the liability and responsibility imposed by law on the Assured, as owner, for death or injuries to persons or property resulting from negligence in the operation of such motor vehicles or any of them." There the court said (at p. 194): " If the policy had agreed to indemnify for ' bodily injuries ' only, the appellant would be correct in disclaiming liability for the husband's loss (*Brustein* v. *New Amsterdam Casualty Co.*, 255 N. Y. 137), but the broader language here, which includes loss for ' injuries to person,' * * * renders it clear that the loss in question was covered by the policy. It is settled law that the words ' injuries to person ' include a husband's loss of services of the wife."

The policy with which we are concerned reads " to pay as damages imposed upon him by law for bodily injury * * * accidentally sustained," etc.

An action for the loss of a son's services and for medical expenses must come within the same classification as that of a husband's action for loss of his wife's services and for medical expenses. Therefore, under the rule laid down in the *Brustein Case* (*supra*), the father has no cause of action against the defendant on the policy in question. It necessarily follows that in the action in

which Thomas F. Roche, the father, is plaintiff, the judgment should be affirmed, without costs of this appeal to either party.

LAZANSKY, P. J., YOUNG, DAVIS and JOHNSTON, JJ., concur.

Judgment in favor of defendant and against plaintiff Thomas F. Roche unanimously affirmed, without costs.

Judgment in favor of defendant and against plaintiff Thomas J. Roche reversed on the law, with costs, and judgment directed for said plaintiff for the amount demanded in the complaint, with costs.