Thomas E. Morrissey, Jr., J.
The plaintiff, Paul Kemnetz, sues to recover for damages for personal injuries sustained as a result of the alleged negligence of the defendant, Frank Galluzzo. Further, there is an action brought by Frank Galluzzo, as third-party plaintiff against Commercial Insurance Company of Newark, N. J., third-party defendant, based on an insurance policy issued by the third-party defendant to the third-party plaintiff. This cause of action will be discussed more completely subsequently.
As to -the action brought by the plaintiff, Paul Kemnetz, against Frank Galluzzo, the proof establishes that the plaintiff has proven his cause of action by a fair preponderance of the credible evidence.
The court finds as facts the following: That on October 20, 1954, at or about 1:00 p.m. the plaintiff Kemnetz was a laborer working for a concern known as Marlow Associates at 94th Street, between 33rd and 34th Avenues, in the borough of Queens. That on the date and time in question the plaintiff was walking toward the office of his employer and that it was necessary for him to get into the gutter since there was a pile of dirt on the sidewalk that had been “ dumped ” there. Further, that a payloader owned, operated and controlled by the defendant, completing the delivery from the truck which was parked at the general site where the delivery was to be made to a specific point where the material was to be dumped, backed up sharply, striking a beam at the curb and that the plaintiff *515 was struck by this beam and sustained the injuries for which he seeks to recover in this case.
The court further credits the plaintiff’s testimony that as a result of the accident the plaintiff was confined to his bed for approximately one week and subsequently was further confined in and about his home for approximately five weeks. In addition, the plaintiff was totally incapacitated from his employment from October 20, 1954 until November 23, 1954, and partially incapacitated until November 30, 1954. The injuries which the plaintiff suffered were corroborated in the main by the medical testimony of Dr. Sala.
The court concludes that the defendant Frank Galluzzo was negligent in the operation of the payloader, that the plaintiff was free from contributory negligence and that the injuries and damages sustained by the plaintiff were the proximate cause of the negligent acts of the defendant.
Accordingly, since the plaintiff has established his cause of action by a fair preponderance of the credible evidence, I find for the plaintiff, Paul Kemnetz, in the sum of $4,000 against the defendant Frank Galluzzo.
Now, as to the cause of action brought by Frank Galluzzo, the third-party plaintiff, against the Commercial Insurance Company of Newark, New Jersey, the third-party defendant, on the insurance policy issued by the third-party defendant, the court finds these additional facts which will complete the factual background in this case: The policy which was issued covered the occupation of the third-party plaintiff, more specifically “ top soil delivery,” and the term of the policy commenced May 20, 1954 and terminated May 20, 1955. The accident upon which this suit was originally brought occurred on October 20, 1954, within the term of .the policy. On October 20, 1954 the third-party plaintiff was making a delivery of material to a construction job located at 94th Street in the borough of Queens. The truck was driven to the location of the construction job and the material removed from it for the purpose of completing delivery. Since the material could not be driven to the point where it was desired, .it was necessary to carry the material from the truck to the point where delivery was finally to be effected. To complete the delivery the third-party plaintiff used a payloader. This is an accessory vehicle used to move the material from the truck to the site of the construction job itself. It is the payloader which injured the plaintiff Paul Kemnetz.
There is no question raised by the third-party defendant as to notice, nor is there any claim as to the breach of any of the terms of the policy on the part of the third-party plaintiff.
*516 The sole question for the court to decide is to determine whether the policy of insurance covered the accident for which the original plaintiff, Paul Kemnetz, brought his action.
The court is of the opinion that the insurance company knew that it was insuring the commercial truck. The truck of the third-party plaintiff which made the delivery to the site of the construction, more specifically, a 1948 G-MC, was a truck insured by the third-party defendant. Further, the company knew that the truck was being used for top soil delivery because the policy indicates that such delivery is the occupation of the insured. The third-party defendant knew or should have known that the delivery meant delivery to the point where the material is finally dumped, and not just delivery to the general location where the job is going on.
In a leading case in this State (Wagman v. American Fidelity & Cas. Co., 304 N. Y. 490), the facts were similar in nature to the facts involved in this case. The policy there was substantially identical with this one. In that case, the insured’s truck, for the purpose of completing a delivery, was parked at the curb and two employees did the work of rolling the merchandise out on movable racks to the curb line. While this was being done, a pedestrian was struck by one of the moving racks. The insurance company refused to accept liability under its policy, contending that it insured only the truck and not the operation of the racks themselves. Rejecting such contention, the Court of Appeals held, as stated in the headnote (p. 491): “ The broad purpose of the policy was to cover the complete operation of making a pickup and delivery of goods. The work of the [assured’s] employees in taking the goods to the truck constituted part of the ‘ loading ’ ”. (Italics supplied.)
Coverage A of the policy in question which recites the insuring agreement states that the company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person caused by accident and arising out of the ownership, maintenance or use of the automobile.
This accident arose out of the use of the automobile, because ifi the truck had not delivered the top soil, and if that was not the business in which this truck was being operated, there would have been no necessity for completing the delivery which the truck was making by the use of the payloader. Where the pay-loader was being used to complete the delivery from the truck which was parked at the general site where the delivery was to be made, to the specific point where the material was to be dumped, the theory of the Wagman case, cited above, applies *517 and the accident which the plaintiff Paul Kemnetz sued for is one which arose out of the ‘ ‘ use of the automobile ’ ’ under the policy. Further, the court is of the opinion that page 1 of the policy, under item 7, subdivision C, in stating ‘ ‘ use of the automobile for the purposes stated, includes the loading and unloading thereof ’ ’ includes the situation which we have here.
Therefore, the court concludes that the third-party plaintiff Frank Gralluzzo is entitled to recover over against the third-party defendant for an amount, $4,000, which the original plaintiff Paul Kemnetz recovered as against the defendant Frank Gralluzzo and, in addition, the third-party plaintiff Frank Gral-luzzo is awarded the sum of $3,250 for counsel fees in connection with legal services rendered in this action.
Let judgments in both causes of action be entered accordingly.
Application by defendant for 30 days’ stay of execution and 60 days to make a case is granted. In addition, an exception is granted to the defendant to the decision and ruling of the court.