Frederic T. Henry, J.
This is an action for a judgment declaring that plaintiffs are entitled to coverage under a policy of automobile liability insurance issued by Travelers Insurance Company and covering a Diesel Mack tractor owned by the defendant, Bostwick. The action arises out of an accident which occurred in Middleburgh, New York, on April 9, 1955, on which date the above policy was in effect. On April 6, 1955, Bostwick entered into an agreement with Beaney Transport Company, of Brockport, New York, to haul a trailer, owned by Ruth T. Beaney and containing a load of hams, from Brock-port to New York City. It was agreed between Bostwick and Beaney Transport Company that, if the company had no load to be returned from New York to Brockport in the trailer, Bostwick was free to use the trailer to carry cargo for any third party on his return trip to Brockport. When the load of hams was delivered to New York City, there being no load to be returned to Brockport for Beaney Transport Company, Bostwick agreed with the plaintiff, Ar-Glen Corp., to haul a load of bananas in the Beaney trailer to Syracuse, New York. To maintain the temperature at 60 degrees, Ar-Glen Corp. nailed to the bed of the trailer a temporary propane gas heater. Thus equipped, Bostwick began his return trip. On April 9, at Middleburgh, New York, Bostwick opened the rear doors to check the temperature of the trailer and was injured in the resulting explosion. ___
*591 In September, 1956, Bostwick began an action in Supreme Court, Monroe County, against Ar-Glen Corp. and two named officers. His complaint alleges in substance that Ar-Glen Corp. and its two officers were negligent in that they installed a' defective heater in the trailer and failed to provide sufficient ventilation knowing that the gas flame would consume the oxygen in the trailer and thereby cause a dangerous condition.
In the present action, Ar-Glen Corp. and the two officers demand judgment declaring that they are insured under the Travelers policy insuring Bostwick’s tractor and that therefore Travelers is bound to defend them and to pay all sums which they may be legally obligated to pay in the action brought against them by Bostwick.
The pertinent parts of the policy bearing upon the issues herein are as follows:
Under Item 1, the occupation of the insured is stated to be “ truckman ”,
Under Coverage A, Travelers agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury sustained by any person caused by accident and arising out of the ownership, maintenance or use of the automobile.
Under Article III, the insured is defined to be the named insured which also includes any person while using the automobile and any person or organization legally responsible for the use thereof provided the actual use of the automobile is by the named insured or with his permission. Coverage thereunder is specifically excluded in the cases of persons operating garages, sales agencies, service stations or public parking places.
The policy also contained a clause excluding coverage relating to any accidents occurring while towing a trailer not covered by like insurance in the company. However, such defense has not been argued and would not be available under section 59-a of the Vehicle and Traffic Law. (Royal Ind. Co. v. American Cas. Co. of Reading, Pa., 5 Misc 2d 533; Wheeler v. Piscina, 277 App. Div. 1014, motion for leave to appeal dismissed 302 N. Y. 689.)
If Ar-Glen Corp. is successful in its action for a declaratory judgment, the result is that any judgment in favor of Bostwick will be paid by his own insurer. While that issue was once in doubt, it has now been resolved in New York. Where the named insured is himself injured by the negligence of one using the vehicle, with his permission, in the absence of a specific exclusion, the user is held to be an additional insured within the meaning of the omnibus clause and the named insured one *592 of the “ persons ” whose injury is within the coverage of the policy. (Ætna Gas. & Sur. Co. v. General Gas. Co. of America, 285 App. Div. 767; Royal Ind. Co. v. American Gas. Co. of Reading, Pa., supra.)
We now turn to the question whether or not the installation of the heater in the trailer was a ‘ ‘ use ’ ’ thereof within the purview of the omnibus clause. It is well settled that the insurer’s duty to defend depends upon the allegations of the complaint. (Mason-Henry Press v. Ætna Life Ins. Co., 211 N. Y. 489; Goldberg v. Lumber Mut. Gas. Ins. Co., 297 N. Y. 148.) In this case, the allegations of Bostwick’s complaint relate to a defective heater. However, as the complaint may be construed, the heater alone would not have caused the accident. It is further alleged by Bostwick that the defendants failed to provide a vent in the trailer and that they installed the heating equipment knowing that the gas flame would consume the oxygen within the trailer and thereby cause a dangerous condition. In construing the coverage of an automobile liability policy, the court must consider whether the occurrence was a natural and reasonable incident or consequence of the use of the vehicle for the purpose shown on the declarations even though unforseen or unexpected. (5A Am. Jur., Automobile Insurance, § 71.) The movement of the vehicle is not the sole test of intended coverage as is illustrated by the decisions arising under the so-called loading and unloading clause. (Wagman v. American Fidelity & Cas. Co., 304 N. Y. 490; Kemnetz v. Gallusso, 8 Misc 2d 513; Lowry v. Macy & Co., 119 N. Y. S. 2d 5.) Under this theory, it has been held that liability coverage extended to a child alighting from a school bus (Baher & Co. v. Lagaly, 144 F. 2d 344); to injuries sustained in falling over wooden blocks left on a sidewalk by drivers of insured trucks after being used as ramps to enable the trucks to be backed up over a curb (Schmidt v. Utilities In. Co., 353 Mo. 213); to injuries sustained from striking poles left on the highway by a driver of a truck who used them in extricating the truck from a ditch (Merchants Co. v. Hartford Acc. & Ind. Co., 187 Miss. 301, cited in 5A Am. Jur., Automobile Insurance, § 73, p. 71); to injuries sustained from falling on a highway rendered slippery from oil escaping from a crank case of a truck parked there (Mullen v. Hartford Acc. & Ind. Co., 287 Mass. 262, cited in 5A Am. Jur., Automobile Insurance, § 73, p. 71). These principles have been extended to loss or damage caused by fire. An examination of the reported cases will be helpful in deciding the motion for summary judgment before this court. In 1925, the Appellate Division. First *593 Department, held in Hill v. New Amsterdam Cas. Co. (211 App. Div. 747) that injuries sustained from a fire caused by the owner’s negligently examining his gas tank in the presence of a filling station attendant pumping gasolene therein were not within the coverage of the owner’s automobile liability policy. In 1929, the same court held in Steir v. London Guar. & Acc. Co. (227 App. Div. 37) that where the owner was using an open can of kerosene to clean his spark plugs, carelessly dropped a lighted match into the can and kicked the can away to save the automobile, the injuries to an infant on a nearby sidewalk were not within the coverage of the owner’s policy. The lower court was affirmed by the Court of Appeals without opinion (254 N. Y. 576). Subsequently, in 1936, a case nearly like the Hill case arose in the same judicial department. In this case, Roche v. United States Fidelity £ Guar. Co. (247 App. Div. 335), the court held that injuries sustained from the combination of the owner’s lighted match in the presence of a gas station attendant filling his tank was within the “ ownership, maintenance or use ” of the automobile. The Hill case was distinguished because the verbiage of the policy there involved provided indemnity against 1 ‘ loss from the liability imposed by law upon the assured for damages * * * caused by the automobiles described in the schedules hereof” (p. 337). In making the distinction, the court held that the omnibus clause, with which we are here concerned, i.e., “ ownership, maintenance or use ” was broader than the older form involved in the Hill case. The Steir case was distinguished on the grounds that the act of throwing a match into a can of kerosene was not connected with the ownership, maintenance or use of the automobile but that in the Roche case, determining the amount of gasolene in the tank was essential to the maintenance and use of the automobile and there was no intervening, independent or proximate cause of the accident other than that incidental to ownership, maintenance and use. The judgment of the trial court was unanimously affirmed by the Appellate Division, and this judgment, in turn, was affirmed without dissent by the Court of Appeals (273 N. Y. 473).
It seems to the court in this case that there are separate questions of whether or not the shipper is an additional named insured and whether or not the negligent acts complained of are within the ownership, maintenance or use contemplated by the policy. From the authorities cited, it would appear that if Bostwick had installed the heater himself, his liability to a stranger receiving injuries from the explosion would have been within the coverage of his policy. The explosion was not *594 caused by the heater alone, for, as appears from Bostwick’s complaint, confinement within the insulated body of the trailer without proper ventilation also was required to produce the accident. The declaration of the policy is that the occupation of Bostwick is truckman. It is common knowledge that large quantities of perishable foods are shipped by trucks which require refrigeration in warm weather and heat in cold. It cannot be said as a matter of law, that the refrigeration or heating of a trucker’s cargo is not within the use intended for his truck beyond the physical act of transporting that cargo from its point of origin to its destination. If heating the trailer was a use, the installation of the heating equipment by Ar-Glen Corp., when done with Bostwick’s permission, would bring Ar-Glen Corp. within the coverage of the omnibus clause as an additional named insured and the defendants in Bost-wick’s action would be entitled to defense and payment according to the terms of the policy. “ To grant summary judgment it must clearly appear that no material and triable issue of fact is presented.” (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 404.) On this motion it appears that such issues may exist. For this reason, the motion for summary judgment should be denied, with costs.
Submit order accordingly.