HUDSON RIVER CONCRETE PRODUCTS CORPORATION, Plaintiff, *v.* CALLANAN ROAD IMPROVEMENT COMPANY et al., Defendants.

CALLANAN ROAD IMPROVEMENT COMPANY, Defendant and Third-Party Plaintiff, *v.* RICHARD VAN VALKENBURG, Third-Party Defendant.

RICHARD VAN VALKENBURG, Third-Party Defendant and Third-Party Plaintiff-Appellant, *v.* AMERICAN INSURANCE COMPANY, Third-Party Defendant-Respondent.

Third Department, December 19, 1957.

*Henry H. Koblintz* for third-party defendant and third-party plaintiff-appellant.

*Thomas J. Delaney* for third-party defendant-respondent.

Coon, J. Despite the multiplicity of titles the only question presented on this appeal is the extent of coverage of an automobile liability insurance policy. In the interest of brevity and less confusion we will refer to each party by a "single word name", adequate for identity, without reference to party status.

On July 16, 1953 Van Valkenburg, under contract with Callanan, hauled a load of fine stone screenings from Callanan to Hudson. Van Valkenburg backed his truck up to a hopper designed for receiving fine screenings, and by elevating the body of the truck emptied the contents into the hopper. The day before this occurrence Van Valkenburg had hauled some waste material known as "riprap" for Callanan to a waste dump on Callanan's premises. In dumping this load he did not raise the truck body to its full height, and some of the pieces of the waste material remained on the bed of the truck and included large pieces of stone. When he unloaded the fine screenings into Hudson's hopper some of these large pieces of waste material became accidentally dislodged by the screenings and damaged Hudson's conveyor system. Hudson has obtained a judgment against Van Valkenburg for its undisputed damages of $1,373.84, plus costs, amounting to a total of $1,455.34. Van Valkenburg seeks to recover this sum from the Insurance Company which had in force an automobile liability insurance policy, which included Van Valkenburg as an "insured" and covered a "dump truck" used for "Hauling exclusively for Callanan Road Imp. Co. S. Bethlehem, N. Y." By the terms of the policy the Insurance Company agreed to pay, among other things, all sums which Van Valkenburg became "legally obligated to pay" for property damage "caused by accident and arising out of the ownership, maintenance or use of the automobile." A further provision included within "use" the "loading and unloading" of the vehicle.

The Insurance Company contends first that an exclusion clause in the policy which excluded coverage for "liability assumed by the insured under any contract or agreement" is applicable, because Van Valkenburg was hauling for Callanan under a contract. This contention is wholly without merit. It is very obvious that this clause was intended only to prevent the insured from agreeing to liability, which was not done here, and the clause does not relate to a contract to haul materials for another. If the latter were true the insured would have no

coverage under the policy unless he was hauling his own material, which, of course was not contemplated in any event, but certainly not when the express terms of the policy provided that the vehicle was to be used for hauling for Callanan.

The other, and more serious question raised by the Insurance Company, is that the property damage did not arise out of the "ownership, maintenance or use" of the vehicle and was not connected with the loading or unloading thereof within the policy coverage. Although there are numerous authorities on this subject in other jurisdictions with varying interpretations of similar policies, we need look no further than the courts of New York State. New York courts have construed such policies liberally. In this State coverage is definitely not limited to damage caused by the use of the vehicle as a vehicle, nor to its operation along a highway, nor to damage caused by unloading immediately and physically connected with the vehicle. Loading and unloading includes the complete operation, in some cases quite removed from the vehicle itself. In *Wagman* v. *American Fid. & Cas. Co.* (304 N. Y. 490), the insured trucker was waiting at the curb while employees of the customer brought racks of clothes to the truck for loading. A supervisory employee of the customer, who was merely checking the number of garments loaded but not moving any, bumped into a pedestrian while on his way back into the store. It was held that the policy on the truck covered the injury to the pedestrian as included within the "entire operation" of loading. See, also, *B & D Motor Lines* v. *Citizens Cas. Co.* (181 Misc. 985, affd. 267 App. Div. 955), where a carton fell from a push cart inside a building and a considerable distance from the unloading vehicle. (See *Kemnetz* v. *Galluzzo,* 8 Misc 2d 513).

The New York courts have likewise been liberal in the construction of the term "maintenance or use". (*Roche* v. *United States Fid. & Guar. Co.,* 247 App. Div. 335, affd. 273 N. Y. 473; *United Mut. Fire Ins. Co.* v. *Jamestown Mut. Ins. Co.,* 242 App. Div. 420, affd. 267 N. Y. 576. See, also, *Red Ball Motor Frgt.* v. *Employers Mut. Liab. Ins. Co.,* 189 F. 2d 374.)

It is urged that the negligence of Van Valkenburg in failing to completely empty the truck on the day before and his failure to clean the bed of the truck before delivering the fine screenings had nothing to do with unloading. We think that any fair construction of the terms of the policy would include liability for this negligence as within the reasonable "maintenance and use" of the truck, as construed in New York. Moreover, the court below has found, upon ample evidence, not only negligence in this respect, but has found that Van Valkenburg was

" negligent in unloading the screenings in plaintiff's hopper when he knew or should have known that thereby the said riprap would be dislodged and deposited in the hopper." The Insurance Company agreed to insure a " dump truck " and knew that the hoisting in unloading was a part of the operation of a dump truck. Careful operation might have removed the screenings without dislodging the riprap. The courts below also found: " The said injury to plaintiff's property and the resulting damage were caused by accident." It seems inescapable that the accidental damage to Hudson's property was so intimately related to the " use " and " unloading " of the vehicle that it may not be divorced from the liability coverage of the policy.

The complaint of Van Valkenburg against the Insurance Company should not have been dismissed. Since the case was tried without a jury and the damages have been found (and are undisputed), there is no necessity for a new trial. (Civ. Prac. Act, § 584, subd. 2.)

The judgment should be reversed, on the law and the facts, and judgment should be granted to the third-party plaintiff, Richard Van Valkenburg, against the third-party defendant, the American Insurance Company, for the sum of $1,455.34, with interest and costs.

FOSTER, P. J., BERGAN and GIBSON, JJ., concur; HALPERN, J., concurs in the result.

Judgment reversed, on the law and facts, and judgment directed in favor of Richard Van Valkenburg, third-party plaintiff, against the third-party defendant, the American Insurance Company, for the sum of $1,455.34, with interest and costs.

Settle order.