PLAYBOY RENT–A–CAR, INC., a Virgin Islands
Corporation, Plaintiff

v.

THE CONTINENTAL INSURANCE CO.,
a corporation, Defendant

Civil No. 143-1969

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

June 17, 1969

McGOWAN, LOUD, CAMPBELL & DENNENBERG, ESQS. (GERALD DENNENBERG, ESQ., of counsel), *for plaintiff*

BAILEY, WOOD & ROSENBERG, ESQS. (FREDERICK ROSENBERG, ESQ., of counsel), *for defendant*

MICHAEL, *Judge*

OPINION

The above-entitled cause involving the interpretation of certain provisions of an insurance contract came on to be heard on the 13th day of May, 1969, Gerald Dennenberg, Esq., of the firm of McGowan, Loud, Campbell & Dennenberg appearing as counsel for the plaintiff, and Frederick Rosenberg, Esq., of the firm of Bailey, Wood & Rosenberg appearing as counsel for the defendant.

It was agreed by the parties that no testimony was necessary in the case, inasmuch as the correspondence and other documents to be submitted as proof were sufficient; and the court having admitted the said evidence, and after hearing argument of the parties and being fully advised and satisfied in the premises, now makes its Findings of Fact, as follows:

FINDINGS OF FACT

1. The plaintiff and defendant entered into an insurance contract which became effective on December 23, 1967, and that plaintiff was one of "the insureds" under the insurance contract. (Pl's Ex. 1.)

2. That on or about February 27, 1968, a case was filed by one Carlton Turnbull, another of "the insureds" under the insurance contract, against Playboy Rent-A-Car, the plaintiff herein, for personal injuries to himself arising out of the use of one of plaintiff's rental automobiles, which case was filed in this court under Civil No. 219-1968.

3. That prior to the filing of the case by Carlton Turnbull against Playboy Rent-A-Car, a letter dated January 22, 1968 (Def's Ex. A), denying coverage under the policy was written to David Massey, President of Playboy Rent-A-Car, by Richard D. Darland, Manager of the adjusting company to whom the claim was assigned by the local agent of the defendant herein. In this letter were forwarded a summons and complaint regarding the claim which he had received from Mr. John L. Maduro, attorney for Carlton Turnbull. In the same letter Mr. David Massey was informed that he would have to retain an attorney to answer the summons and complaint and to defend him in any court.

4. That by letter of March 4, 1968, counsel for plaintiff advised defendant of the institution of the suit against plaintiff by Carlton Turnbull, and forwarded a copy of pleadings and copy of a statement given by the claimant, the other "insured". Defendant was also informed that due to the time element plaintiff had asked counsel to represent them in the action. The letter also stated that as pursuant to the policy the defendant will provide defense to the action, such defense was requested, but pending reply from defendant, counsel would continue representing plaintiff, closing with rate of fees charged for trial, motions and preparation, plus costs.

5. That not having received a reply to his letter counsel for plaintiff wrote another letter on March 19, 1968, to the defendant requesting acknowledgment.

6. That on May 20, 1968, Richard D. Darland, Manager of the adjusting company above mentioned, acknowledged plaintiff's letter of March 4, 1968 which was sent to the Continental Insurance Company, the defendant herein, in which he advised counsel for plaintiff that he was instructed by the defendant to advise him that Mr. Rosen-

berg is the representative for Continental Insurance Company, and that since the matter was referred to him by the plaintiff he will have to retain him as his attorney. However, Mr. Rosenberg will be requested to represent the company's interest in the matter, but that the Insurance Company will not be interested in paying any bill that he may present to them.

7. That in reply to the above letter counsel for plaintiff wrote to the Insurance Company on May 31, 1968, informing them of the receipt of the letter from Mr. Darland, and informed them that Mr. Massey, President of Playboy Rent-A-Car, Inc., had requested them to respond, advising that he was still requesting that pursuant to the policy they defend the suit. Further, that until they provide defense to the action he will continue to retain counsel to represent Playboy Rent-A-Car and will look to them for the expenses incurred.

8. That on June 13, 1968, the Defendant Continental Insurance Company wrote to counsel for the plaintiff, Playboy Rent-A-Car, informing him that although there is no coverage for the type of loss under the policy, they were requesting him to refer suit papers to their local defense counsel, Bailey & Wood, and thanked him for his attention in the matter.

9. That on June 18, 1968, defendant wrote to their counsel, Mr. Rosenberg of Bailey, Wood & Rosenberg, informing him that although there is no coverage under the policy for the damages suffered by the insured driver, they decided to provide defense for the named insured, however, denying coverage for the insured driver, and that they had already requested from Attorney Dennenberg that suit papers be referred to them.

10. That on June 24, 1968, counsel for plaintiff wrote the following letter to the defendant in response to theirs of June 13, 1968:

"Dear Mr. Vazquez:

Re: Carlton Turnbull v.
Playboy Rent-A-Car
Civil No. 219-1968

"Thank you for your letter of June 13, 1968. I am not quite certain as to the meaning of your letter. Is what you are saying is that the company has decided that it should provide the defense for this suit, that it desires attorneys Bailey & Wood to substitute themselves for our firm as defense counsel, that it desires us to turn over to said law firm all of the pertinent lawsuit papers, and that it desires us to submit a statement for our services to the Continental Insurance Companies for our services rendered to date in this lawsuit. Please advise.

"Yours very truly,
"Gerald Dennenberg"

11. That counsel for plaintiff did not turn over suit papers as requested by defendant, but wrote several other letters to defendant requesting reply to his of June 24, and on August 13, 1968, sent to defendant copy of bill to Playboy Rent-A-Car, Inc., as per instructions of defendant "via Attorney Rosenberg's office . . .".

12. That on December 11, 1968, defendant wrote the following letter to Mr. Dennenberg, attorney for plaintiff:

"Re: Our File No. 203-13742

"Dear Mr. Dennenberg:

"This is a case in which there is no coverage for the damages to the insured driver under the policy. We denied coverage to the insured, but decided to provide defense only if our attorneys Bailey and Wood, take charge of the case. This does not mean that we are going to pay for your fees. We will pay for the attorneys that we hire, otherwise we will deny defense also since there is no coverage for the damages suffered by the insured driver under our policy. Insured would have to provide their own defense. We are

188

still willing to take over from here on and pay the attorneys we select.

"Please pass on this information to your clients Playboy Rent-A-Car.

"Yours very truly,
"THE CONTINENTAL INS. COMPANIES
"Eduardo M. Vazquez
"Claims Mgr."

13. That on February 19, 1969, this suit was filed by the plaintiff to recover legal fees incurred in defense of the action brought by Carlton Turnbull against plaintiff.

## DISCUSSION

It is plaintiff's position by their pleadings, letters and argument that the defendant was obliged to provide legal defense to the plaintiff, "the insured" in the action brought against them by Carlton Turnbull, the insured driver, for personal injuries arising out of the use of one of plaintiff's rental automobiles, and calls the court's attention to the following provisions of the contract:

"II. Defense, Settlement, Supplementary Payments. With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall:

(a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;"

Although the company agrees by the above provision to defend any suit against the insured, "even if such suit is groundless, false or fraudulent", such defense must be "with respect to such insurance as is afforded by [the] policy . . .". In other words, the suit must be "on [its] face within the compass of the risk against which insur-

189

ance was taken . . .". Goldberg v. Lumber Mut. Casualty Ins. Co., 77 N.E.2d 131.

The bodily injury suffered by the insured driver, Mr. Carlton Turnbull, was not one, liability for which is afforded by the policy. Consequently, defendant herein was under no obligation to defend the suit brought by him. United States Fidelity & G. Co. v. Reinhardt & D. Co. (1948), 171 F.2d 681; Pickens v. Maryland Casualty Co. (1942), 2 N.W.2d 593; Midland Construction Co. v. United States Casualty Co. (1954), 214 F.2d 665.

Another provision of the policy called to the court's attention by plaintiff is the following:

"6. SEVERABILITY OF INTERESTS—Coverage A and B. The term 'the insured' is used severally and not collectively, but the inclusion herein of more than one insured shall not operate to increase the limits of the company's liability."

Counsel for plaintiff seems to construe this severability of interests provision as permitting an "insured" to bring action against another "insured" under the same policy for personal injury and, as in this case, sustained while operating a vehicle owned by the latter.

The meaning of this provision, it appears, is that each insured under the policy may recover individually for damages covered by the policy under Coverages A and B, but even if more than one insured is involved the company's limit of liability would not increase thereby.

Coverages A and B provide as follows:

"I Coverage A—Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

"Coverage B—Property Damage Liability. To pay on behalf of the insured all sums which the insured shall become legally obli-

190

gated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident and arising out of the ownership, maintenance or use of the automobile."

As the injury complained of by the insured driver was sustained while operating a car of the name insured, it is the opinion of this court that the injury is not covered by the policy, which is an indemnity contract and, under Coverages A & B, undertake only "To pay on behalf of the insured all sums *which the insured shall become legally obligated to pay as damages . . .*", to wit, Third Persons. (Emphasis added.)

From the foregoing facts and discussion, the court concludes:

### CONCLUSIONS OF LAW

■ 1. That the defendant was justified in refusing to defend the suit brought by Carlton Turnbull, because the claim upon which the action was based was not within the coverage of the insurance contract, and therefore no breach of contract resulted.

■ 2. That since defendant was not bound to defend an action not falling within the coverage of the policy, the insured was not entitled to attorney's fees incurred by him in defending the action which was not covered thereby. United Pacific Insurance Co. v. Northwestern Nat. Ins. Co. (1950), 185 F.2d 443.

3. That defendant is entitled to judgment against the plaintiff dismissing the complaint.

Let judgment be entered accordingly, each party to bear its own costs and attorney's fees.