■ COLONIAL COOPERATIVE INSURANCE COMPANY, Appellant, v CHARLES BAILEY et al., Respondents.—Order affirmed with costs. Memorandum: Supreme Court properly denied plaintiff's motion for summary judgment seeking a declaration that it is not required to defend and indemnify its insured in the underlying personal injury action. Plaintiff urges that, as a matter of law, the incident resulted from the use or maintenance of a motorized vehicle and thus is within the policy exclusions. We disagree. A jury could find that the proximate cause of the fire was the negligent placement of a wood stove near a volatile substance or the act of Charles Bailey in throwing his gasoline-soaked jacket to the floor of the garage.

All concur, except Pine and Davis, JJ., who dissent and vote to reverse in the following Memorandum.

Pine and Davis, JJ. (dissenting). We respectfully dissent. The underlying personal injury action arises from a tragic accident in which serious burns were sustained. However, the homeowner's insurance policy at issue excluded coverage for loss resulting from the maintenance of a motorized vehicle.

The uncontroverted facts shown on plaintiff's motion for

summary judgment are that the homeowner, his brother and his nephew were working in the homeowner's garage on a 1975 Mustang automobile owned by the brother. The garage was heated by a furnace and a wood stove, both of which were burning at the time of the accident. While the homeowner was working on the fuel tank of the automobile, he discovered that an elbow was plugged. He removed a hose, probed with a wire, and tapped the elbow with a pair of pliers. The whole elbow unit came out, causing the six gallons of gas contained in the fuel tank to flow down his arm to the floor. There were no floor drains in the garage. The homeowner came out from under the car, which was six or seven feet from the furnace, and stood between the car and the furnace to get warm. Within seconds he saw his arm on fire. He threw his jacket to the floor but his shirt was still burning on him. He saw the trail of gas on the floor leading to the car ignite, but could not say whether it was ignited by his jacket or by gas that was dripping from him. The entire incident took at most 10 to 12 seconds.

The homeowner's brother argues only that, at the time of the fire, the homeowner had "terminated his mechanical efforts" and started the fire by throwing his jacket on the floor. The record, however, shows that the fire had started before the jacket was thrown and that the homeowner's shirt, which he was still wearing, was also on fire. While the issue of proximate cause generally is for the jury, the court may decide the issue as a matter of law where, as here, the underlying facts are undisputed (see, Carrillo v Kreckel, 43 AD2d 499, 501). As a matter of law, this fire was caused by automobile maintenance (cf., Steir v London Guar. & Acc. Co., 227 App Div 37, 38-39, affd 254 NY 576; Hill v New Amsterdam Cas. Co., 211 App Div 747, 750) and plaintiff is entitled to a declaration that it is not obligated to defend and indemnify the homeowner with respect to claims against him by his brother and nephew. (Appeal from Order of Supreme Court, Onondaga County, Miller, J.—Summary Judgment.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.