613 So.2d 526 (1993)
Emilio ALMAYOR and Telvia Almayor, Appellants,
v.
STATE FARM FIRE & CASUALTY COMPANY, Appellee.
No. 91-2208.
District Court of Appeal of Florida, Third District.
January 26, 1993.
Rehearing Denied March 9, 1993.
Jugo & Murphy and Kathleen T. Murphy, Miami, for appellants.
Walton, Lantaff, Schroeder & Carson and Geoffrey B. Marks, Miami, for appellee.
Before SCHWARTZ, C.J., and FERGUSON and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
At the owner's request, Almayor came to her home to "check out" and perhaps repair *527 her car. In the course of working on the vehicle, which was parked in the driveway, Almayor siphoned gasoline from the tank and poured it into a bucket which was placed next to the steps of the house. At that point, one of the residents, Ramirez, who was insured by a State Farm homeowner's policy, came out of the house with a freshly-lit cigarette in his hand. The cigarette ignited the gasoline fumes and caused a fire and explosion which severely burned Almayor. He and his wife now appeal from a summary declaratory judgment granted State Farm that its policy did not cover Ramirez's potential liability because of the familiar "automobile exclusion."[1]
We reverse on the ground that the accident "arose out of" Ramirez's allegedly negligent use of flammable material, not the ownership, maintenance or use of the motor vehicle under repair. Indeed, the car had little, if anything, to do with the fire at all. It was merely the coincidental and legally remote source of a component, the gasoline, which was itself harmless until acted upon by the insured's negligence. See Aetna Casualty & Sur. Co. v. Goldman, 374 So.2d 539 (Fla. 3d DCA 1979), cert. denied, 385 So.2d 757 (Fla. 1980). Homeowner's insurance is expressly designed to protect against just this kind of individual liability. Conversely, automobile insurance and the automobile exclusion do not apply. Steir v. London Guarantee & Accident Co., 227 A.D. 37, 237 N.Y.S. 40 (1929), aff'd, 254 N.Y. 576, 173 N.E. 873 (1930); Nationwide Mutual Fire Ins. Co. v. Allen, 68 N.C. App. 184, 314 S.E.2d 552 (1984), review denied, 311 N.C. 761, 321 S.E.2d 142 (1984); see Roche v. United States Fidelity & Guar. Co., 247 A.D. 335, 287 N.Y.S. 38 (1936), aff'd, 273 N.Y. 473, 6 N.E.2d 410 (1936). See generally Hernandez v. Protective Casualty Ins. Co., 473 So.2d 1241 (Fla. 1985); Fortune Ins. Co. v. Exilus, 608 So.2d 139 (Fla. 4th DCA 1992); Hanson v. General Accident Fire & Life Ins. Corp., 450 So.2d 1260 (Fla. 4th DCA 1984); O'Dwyer v. Manchester Ins. Co., 303 So.2d 347 (Fla. 3d DCA 1974); St. Paul Fire & Marine Ins. Co. v. Thomas, 273 So.2d 117 (Fla. 4th DCA 1973), cert. denied, 282 So.2d 638 (Fla. 1973). Compare Volkswagen Ins. Co. v. Nguyen, 405 So.2d 190 (Fla. 3d DCA 1981), review denied, 418 So.2d 1280 (Fla. 1982) (automobile exclusion applicable when spark from automobile ignited gasoline being poured by insured into carburetor). Accordingly, the judgment is reversed with directions to enter judgment on coverage for the Almayors.
Reversed and remanded.
NOTES
[1] The exclusion provides:

"1. Coverage L [Personal Liability does] not apply to:
* * * * * *
e. bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of:
* * * * * *
(2). a motor vehicle owned or operated by or rented or loaned to any insured[.]"