■ GEORGE COMEAU, Respondent-Appellant, v FRANK LUCAS et al., Respondents, and MICHAEL RUGGERO, Appellant-Respondent. (Appeal No. 1.) — Judgment unanimously reversed, on the law and facts, with costs to plaintiff, and a new trial granted, in accordance with the following memorandum: Plaintiff George Comeau sustained a serious head injury as the result of an intentional assault by defendant Michael Ruggero, a member of a rock band, who was apparently in an intoxicated condition while playing at a party held in the home of defendants Mr. and Mrs. Frank Lucas. In his action to recover damages, plaintiff alleged negligence on the part of Mr. and Mrs. Lucas for failure to supervise a party given by their 16-year-old daughter Lori while they were out of the country, but for which they had given their consent, despite knowing that beer would be served; that a rock band was engaged; and that many of the guests would be under 18 years of age. Plaintiff further alleged that Lori was individually liable as the agent of her parents for negligence in failing properly to supervise the party in her parents' absence. At the close of plaintiff's proof, the court granted summary judgment dismissing the complaint against the Lucases, but held that Ruggero was liable for injuries inflicted on plaintiff as a matter of law. The jury awarded plaintiff $250,000 compensatory damages and $30,000 punitive damages less a 10% reduction based on plaintiff's culpable conduct in drinking and engaging in disruptive behavior. Plaintiff appeals from the trial court's order dismissing his complaint against Mr. and Mrs. Lucas and Lori Lucas; from denial of his motion to amend his pleadings to conform to the proof (CPLR 3025, subd [c]); and to that portion of the court's charge which advised that the jury could reduce the amount of damages in proportion to the culpable conduct attributed to the plaintiff (CPLR art 14-A). Defendant Ruggero appeals on the grounds that the verdict is excessive. The court erred in dismissing plaintiff's causes of action for negligence against Mr. and Mrs. Lucas. As recently stated in *Huyler v Rose* (88 AD2d 755): "A property owner * * * has the duty to control the conduct of persons present on his property when he 'knows that he can and has the opportunity to control the third parties' conduct and is reasonably aware of the necessity for such control' (*Mangione v Dimino*, 39 AD2d 128, 129; see, also, *Basso v Miller*, 40 NY2d 233, 241; *Bartkowiak v St. Adalbert's R. C. Church Soc.*, 40 AD2d 306)." We held there that the trial court erred in dismissing the cause of action of a plaintiff injured when a guest pushed him into a bonfire on premises owned by defendants while plaintiff was attending a graduation party at the defendants' home. We found that the plaintiff in that case alleged sufficient facts to establish that the property owner defendants knew or should have known of the necessity to control the conduct of the third-party defendant because of his intoxicated and otherwise combative state. Similarly, we find in the present case that plaintiff has established a prima facie case that the Lucases breached their duty as owners of the premises, who had an opportunity to control the party held by their minor daughter with their consent, and that they reasonably should have been aware of the

necessity for such control. Whether defendants failed to exercise due care in allowing their daughter to host the party under the circumstances of this case is a question of fact for the jury. A jury could reasonably conclude that it was foreseeable that someone would get drunk at the party, engage in a fight, and cause injury to a third party. Additionally, plaintiff has made out a prima facie case of negligence against the Lucases for failure to supervise their daughter as the result of their participation in and consent to their child's tortious conduct (see *Steinberg v Cauchois,* 249 App Div 518, 519). Further, plaintiff has alleged sufficient facts to show that Lori Lucas was the agent of her parents at the time plaintiff's injury occurred and, as such, owed plaintiff the same duty owed by her parents to prevent an unreasonable risk of bodily harm (see 3 NY Jur 2d, Agency, § 295, p 114). The record indicates that Mr. and Mrs. Lucas expressly placed Lori in control of the premises, authorized the party at their home, and gave a number of instructions to Lori with which she apparently complied. An infant has the capacity to act as an agent (Restatement, Agency 2d, § 21) and is responsible for her own torts, the applicable standard of care being that which " 'it is reasonable to expect of children of like age, intelligence and experience' " (Prosser, Torts [4th ed], § 32, p 155). The court did, however, act properly in instructing the jury regarding principles of comparative negligence pursuant to CPLR article 14-A and in denying plaintiff's motion to amend the complaint to conform to the proof pursuant to CPLR 3025 (subd [c]). To have permitted an amendment to the pleadings at the close of plaintiff's proof in order to allege an agency relationship between defendant Ruggero and the Lucas family would have unduly prejudiced defendants. Nevertheless, our ruling is without prejudice to renewal of the motion if plaintiff be so advised. Since the case must be remitted for a new trial, we need not address defendant Ruggero's argument that the jury verdict was excessive. We note only that punitive damages are not subject to apportionment. (Appeals from judgment of Supreme Court, Monroe County, Provenzano, J. — assault.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Boomer, JJ.