BRIAN H. CAVANAUGH, Respondent, v KNIGHTS OF COLUMBUS COUNCIL 4360 et al., Appellants, and ANTHONY J. MACHERONE et al., Respondents.

Third Department, December 8, 1988

APPEARANCES OF COUNSEL

*Kelleher & Flink (Edward B. Flink* of counsel), for Knights of Columbus Council 4360 and another, appellants.

*Bouck, Holloway, Kiernan & Casey (William B. Joint* of counsel), for Fred Valentino, appellant.

*Powers & Santola (John D. Chestara* of counsel), for Brian H. Cavanaugh, respondent.

## OPINION OF THE COURT

MERCURE, J.

Plaintiff commenced this action to recover for injuries he alleges to have sustained at an affair sponsored by defendants Anthony J. Macherone and Randi L. Hastings at the Knights of Columbus Hall in the Village of Scotia, Schenectady County. The hall was owned by defendant 4360 Home Association, Inc. (hereinafter the Home Association), a corporation formed and owned by the individual members of defendant Knights of Columbus Council 4360 (hereinafter the Knights of Columbus) for the purpose of holding, maintaining and renting out the property. Defendant Fred Valentino, an employee of the Home Association, rented the hall to Macherone for $75. At one point during the course of the party, plaintiff left the hall and found defendant Ronald W. Mitchell and Keith Loeber fighting in the parking area outside. In attempting to break up the fight, plaintiff was struck in the face by Mitchell, ultimately causing him to lose an eye. Following exchange of all pleadings, service of bills of particulars and depositions of all parties except Mitchell, the Home Association and the Knights of Columbus moved for summary judgment dismissing the complaint and all cross claims against them. Valentino cross-moved for the same relief. Supreme Court denied the motions and the Home Association, the Knights of Columbus and Valentino (hereinafter collectively referred to as defendants) appeal.

In our view, the motion and cross motion should have been granted. Viewing the evidence submitted on the motion in a manner most favorable to plaintiff, as we must *(Bershaw v Altman,* 100 AD2d 642, 643), including the disputed evidence that Valentino had knowledge that beer was to be served at the party, and even assuming, arguendo, that Mitchell and plaintiff became intoxicated from drinking alcoholic beverages furnished by Macherone and Hastings, evidence not present in this record, and that such intoxication was a proximate cause of plaintiff's injuries, defendants were not obligated to, and the uncontroverted evidence was that they did not, supervise the party or otherwise retain any control over the premises during Macherone and Hastings' party. Accordingly, they

owed plaintiff no duty of care and were not liable for his injuries.

As a general rule, the owner of premises owes no duty to control the conduct of its patrons or tenants for the benefit of third persons *(see, Pulka v Edelman,* 40 NY2d 781, 783; *Bennett v Ames,* 77 AD2d 390, 392, *appeal discontinued* 55 NY2d 748; *see also, Purdy v Public Adm'r of County of Westchester,* 72 NY2d 1, 8). As it relates to the consumption of alcohol on premises, the rule is that liability will be imposed only when the defendant is present and then only when he " 'knows that he can and has the opportunity to control the third parties' conduct and is reasonably aware of the necessity for such control' " *(Huyler v Rose,* 88 AD2d 755, *appeal dismissed* 57 NY2d 777, quoting *Mangione v Dimino,* 39 AD2d 128, 129; *see also, D'Amico v Christie,* 71 NY2d 76, 85; *Basso v Miller,* 40 NY2d 233, 241).

The question, then, is whether defendants' relationship to Macherone and Hastings fell into a known exception or otherwise warranted deviation from the general rule. While exceptions have been made in the case of a master-servant *(see, D'Amico v Christie, supra,* at 88), parent-child *(see, Comeau v Lucas,* 90 AD2d 674 [16-year-old girl had party where parents, who were out of the country, gave consent and were aware beer would be served]; *cf., Fessler v Brunza,* 89 AD2d 640 [parents had no obligation to supervise son's farming operation on their property]), and principal-agent relationship *(see, Comeau v Lucas, supra,* at 675), no such relationship is present here. Nor will plaintiff benefit from the fact that the Home Association had a loose set of unwritten rules, including the prohibition against leasing the hall to groups of teen-agers or when kegs of beer were to be served, since the uncontroverted evidence was that the rules were made for the sole benefit of the Home Association, to see that the premises were not damaged or left in a poor condition *(see, Oathout v Johnson,* 88 AD2d 1010).

Last, that Macherone was 19 years old* when he rented the hall, even coupled with the presence of kegs of beer on the premises, was insufficient to create a duty of care in favor of plaintiff. "There is no legal duty to protect against an occur-

---

* The party took place in July 1984, at which time a 19 year old could legally purchase alcoholic beverages *(see,* Alcoholic Beverage Control Law former § 65 [1]). The law was subsequently amended to prohibit the sale to a person under the age of 21 (L 1985, ch 274 § 1 [eff Dec. 1, 1985]).

rence which is extraordinary in nature and, as such, would not suggest itself to a reasonably careful and prudent person as one which should be guarded against * * *. [A]n unexpected altercation between [bar] patrons which results in injury is not a situation which could reasonably be expected to be anticipated or prevented" *(Silver v Sheraton-Smithtown Inn,* 121 AD2d 711, 712).

Denial of defendants' motion for summary judgment would, we believe, require a substantial and unjustified enlargement of the common law regarding liability for injuries occurring in or about hired premises. We conclude that the creation of such a new legal duty is unwise. Owners would be placed in the economically impossible position of having to provide supervision for each and every affair conducted on the premises, including weddings, retirement dinners and the like, and still fear that the precautions might somehow be deemed inadequate to protect all guests from any kind of injury, foreseeable or otherwise *(see, D'Amico v Christie,* 71 NY2d 76, 89-90, *supra).* As defendants assert, the inevitable result would be a loss to the public of affordable facilities for parties, receptions and other gatherings such as those now provided by the Knights of Columbus, the American Legion and similar organizations.

KANE, J. P., CASEY, WEISS and LEVINE, JJ., concur.

Order modified, on the law, with costs, by reversing so much thereof as denied the motions for summary judgment dismissing the complaint and all cross claims asserted against defendants Knights of Columbus Council 4360, 4360 Home Association, Inc. and Fred Valentino; motions granted and complaint and all cross claims dismissed against said defendants; and, as so modified, affirmed.