■ NORA KELLEHER, Individually and as Parent and Natural Guardian of RICHARD P. KELLEHER, an Infant, Respondent, v MICHAEL MAZZARO, SR., et al., Doing Business as NANCY LEE MOTEL, et al., Appellants, et al., Defendants.—Mercure, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 16, 1990 in Warren County, which, *inter alia,* denied the motion of defendants Michael Mazzaro, Sr. and Doris Mazzaro for summary judgment dismissing the complaint against them.

In July 1984, defendants Michael Mazzaro, Sr. and Doris Mazzaro (hereinafter defendants) purchased approximately 3¾ acres of land located on State Route 9N in the Town of Lake Luzerne, Warren County, primarily utilized as a business known as the Nancy Lee Motel. At the time defendants purchased the property, a portion of it had been orally leased to defendants Willis Bennett and Joyce Bennett and used by them in connection with their business, Bennett's Stables, which rented riding horses to the public. On August 25, 1984, Richard P. Kelleher, then nine years old, was injured when he fell from a horse rented from the Bennetts, giving rise to this action by plaintiff, individually and on behalf of her son. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint against them.

Supreme Court rendered a bench decision denying the motion and defendants appeal.

We reverse. The undisputed evidence presented on the motion was that defendants had nothing at all to do with plaintiff and her son or, outside of their status as lessors, with the Bennetts' horseback riding business. Plaintiff and her son were not guests at defendants' motel, defendants did not direct them to the Bennetts' business and defendants had no interest in the Bennetts' business and exercised no supervision or control over it. Moreover, on the day of the accident, defendants were not present at Bennetts' Stables or at the scene of the accident, which took place off defendants' property. Conceding the foregoing, it is plaintiff's position that defendants, as lessors in possession of adjacent premises, had an affirmative obligation to assure that the Bennetts' operation was being performed in a reasonably safe manner. We disagree. As a general rule, the owner of premises owes no duty to control the conduct of its tenants for the benefit of third persons (see, Cavanaugh v Knights of Columbus Council 4360, 142 AD2d 202, 204, lv denied 74 NY2d 604) and defendants' relationship to the Bennetts does not fall into a known exception or otherwise warrant deviation from the general rule (see, supra). The proximity of defendants' motel business to the Bennetts' riding stable is of no consequence because "[o]ne should not be held legally responsible for the conduct of others merely because they are within our sight or environs" (Pulka v Edelman, 40 NY2d 781, 785). In the absence of evidence of a legal duty owed by defendants to plaintiff and her son, Supreme Court should have granted defendants' motion.

Order modified, on the law, without costs, by reversing so much thereof as denied the motion of defendants Michael Mazzaro, Sr. and Doris Mazzaro; motion granted, summary judgment awarded to said defendants and complaint dismissed against them; and, as so modified, affirmed. Kane, J. P., Casey, Levine, Mercure and Harvey, JJ., concur.