■ DONALD I. LASHWAY et al., Respondents, v PAUL KING et al., Defendants, and LEO P. TROMBLEY et al., Appellants.— Mikoll, J.

Defendants Leo P. Trombley and Sherry Trombley are the owners of certain real property, including a building known as the Churubusco Summit, in the Town of Clinton, Clinton County. The Churubusco Summit contains residential apart-

ments rented to various tenants, as well as a tavern known as the Churubusco Inn (hereinafter the Inn) leased by defendants Kenneth J. Prevo and Linda A. Prevo pursuant to the terms of a written lease. While the lease did not mention repairs, it did provide that the Prevos have the right to "exclusively occupy the premises" and required that they "maintain" the premises, grounds and the Inn equipment.

On January 6, 1989 plaintiff Donald I. Lashway allegedly sustained personal injuries as the result of an altercation that he had with defendant Paul King at the bar in the Inn. Lashway claimed that during the incident he caught his foot on a railing running along the bottom of the bar, causing him to fall to the floor. After the incident Lashway remained in the bar for approximately 15 minutes before leaving and driving to a nearby hospital.

Lashway and his wife thereafter commenced this action to recover money damages for injuries sustained as a result of defendants' alleged negligence. After answers were served and discovery proceedings conducted, the Trombleys moved for summary judgment dismissing the complaint and all cross claims against them. Supreme Court denied the motion finding that there was insufficient evidence to conclude as a matter of law that the Trombleys had no control of or obligation to repair the premises and there were questions of fact relating to a preexisting, allegedly defective, condition of the bar rail. The Trombleys now appeal.

We reverse. There is no evidence in the record that the rail on which Lashway caught his foot was in any way defective. Lashway does not describe any defect in the rail or specify in what way the rail was defective. He merely claims to have caught his foot on the railing as he moved to get away from King. Leo Trombley stated in his affidavit that the rail was a typical rail used and seen in most bars and that he was not aware either before or since the incident of any purported defect of any type in the rail. He further averred in the affidavit that the rail is securely affixed to the bar. Thus, it appears from the record submitted that the proximate cause of the alleged injury to Lashway was the altercation and not any defective condition of the rail. Although plaintiffs' counsel did affirm that the railing was defective, this was a conclusory allegation rather than factual proof in admissible form sufficient to create a factual question requiring a trial (see, Zuckerman v City of New York, 49 NY2d 557, 562-563; see also, Del Giacco v Noteworthy Co., 175 AD2d 516). Accordingly, plaintiffs' failure to establish a prima facie case against the Tromb-

leys warrants dismissal of the complaint against them *(see, Silver v Sheraton-Smithtown Inn,* 121 AD2d 711, 711-712; *see also, Sheehan v City of New York,* 40 NY2d 496, 502-503).

Plaintiffs also failed to establish that the absent Trombleys exercised such supervision and control over the Inn at the time of the altercation as to render them liable to plaintiffs for damages caused by the altercation *(see, Cavanaugh v Knights of Columbus Council 4360,* 142 AD2d 202, 204-205, *lv denied* 74 NY2d 604; *see also, Silver v Sheraton-Smithtown Inn,* at 711-712). Plaintiffs, in their brief, cite only to cases relating to conditions upon the land which are not on point on the issue of supervision of the conduct of persons on the property who are patrons of an absent landlord's tenant. We perceive no questions of fact to be resolved by a jury.

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendants Leo P. Trombley and Sherry Trombley, and complaint and all cross claims against said defendants dismissed.