■ MICHAEL TOMA, Appellant, v RICHARD CHARBONNEAU, Defendant, and JOHN T. ROOHAN, Respondent.—Appeal from an order of the Supreme Court (Brown, J.), entered September 11, 1991 in Saratoga County, which granted defendant John T. Roohan's motion to dismiss the complaint against him for failure to state a cause of action.

Defendant John T. Roohan leased property to defendant Richard Charbonneau, who operated the premises as a bar

and grill. Plaintiff claims that Roohan was negligent in not commencing eviction proceedings against Charbonneau because Roohan knew or should have known of the bar's reputation for "rowdiness" and because Charbonneau failed to maintain liability insurance. Plaintiff was injured when another patron backed into him knocking him to the floor where his right hand hit broken glass.

Even accepting the allegations as true, as we must on this motion to dismiss, plaintiff has nevertheless failed to state a cognizable cause of action against Roohan (see, Greenview Trading Co. v Hershman & Leicher, 108 AD2d 468). As a general rule, the owner of premises owes no duty to control the conduct of its tenants for the benefit of third persons (Kelleher v Mazzaro, 168 AD2d 799, lv denied 78 NY2d 851) and Roohan's relationship with Charbonneau does not fall into a known exception or otherwise mandate a departure from the general rule (see, Cavanaugh v Knights of Columbus Council 4360, 142 AD2d 202, lv denied 74 NY2d 604). Liability will be imposed if a landowner knows that he can and has the opportunity to control the conduct of others and is reasonably aware of the necessity for such control (Mangione v Dimino, 39 AD2d 128). Here, however, Roohan was not present at the time of the accident and there are no allegations that he had anything to do with the business outside of his status as a lessor or that he exercised any supervision and control over it (see, Cavanaugh v Knights of Columbus Council 4360, supra; Clarke v Unanue, 97 AD2d 888; cf., Huyler v Rose, 88 AD2d 755). Plaintiff asserts only that because Roohan knew of the nature of the operation of the grill, he should have evicted Charbonneau. Likewise without merit is the claim of negligence based on the lack of liability insurance insofar as that was not a proximate cause of the injury (see, Clarke v Unanue, supra).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Casey, JJ., concur. Ordered that the order is affirmed, with costs.