■ DAVID MAFOUD, Appellant, v CITY OF NEW YORK et al., Respondents. [606 NYS2d 309] —In an action, *inter alia,* to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Gloria Aronin, J.), entered May 9, 1991, upon a jury verdict, which is in favor of the plaintiff and against the defendant Michael Marsicano in the principal sum of only $261,562.50, which is in favor of the defendant Michael Marsicano and against the

plaintiff in the principal sum of $12,500, and which, in effect, dismisses the action against the defendant City of New York.

Ordered that the judgment is affirmed, with costs payable to the respondent City of New York.

The court gave the jury an instruction on the doctrine of assumption of the risk. We find that this instruction was proper and consistent with CPLR 1411. The Court of Appeals, in *Arbegast v Board of Educ.* (65 NY2d 161), has held that CPLR 1411 " 'is applicable not only to negligence actions, but to all actions brought to recover damages for personal injury, injury to property or wrongful death *whatever the legal theory* upon which the suit is based' " *(Arbegast v Board of Educ., supra,* at 166-167, quoting 21st Ann Report of NY Jud Conf, at 240; *see, Comeau v Lucas,* 90 AD2d 674, 675). Thus, the statute does not merely require a calculation of the comparative degrees of negligence of the parties, but rather requires a calculation of the comparative degrees of all types of culpable conduct giving rise to damages.

In the present case, the jury, as a result of the court's charge, applied the culpable conduct balancing test advocated by *Arbegast.* Accordingly, the court's instruction to the jury does not warrant reversal.

We find no merit to the plaintiff's remaining contention that the jury reached a compromise verdict in favor of the respondent City of New York which was against the weight of the evidence.

Finally, we find that the damage award in favor of the plaintiff did not deviate materially from what would be reasonable compensation. Copertino, J. P., Pizzuto, Santucci and Joy, JJ., concur.