■ ROBERT SMITH, Respondent, v 2J MANAGEMENT CO., INC., Appellant, et al., Defendants. [621 NYS2d 40] —Order, Supreme Court, Bronx County (Hansel McGee, J.), entered August 4, 1993, which denied without prejudice a motion by defendant 2J Management Co. ("2J") for summary judgment dismissing

the complaint against it, unanimously reversed, on the law, without costs, the motion is granted, and the complaint dismissed as against said defendant.

In the pre-dawn hours of a weekend in November 1991, plaintiff was allegedly assaulted by two "bouncers" (defendants Dizenzo and Sansotta) at a restaurant and bar in New Rochelle, as he was being escorted by them from the premises. The property, part of a row of connected stores owned by 2J, was leased to defendants Russo and Paciocco, assignors of the establishment, defendant Cafe L.A. Noting that the lease provided for the owner to retain exclusive control and management of "common areas" (including pedestrian sidewalks), the IAS Court denied 2J's motion for summary judgment without prejudice to renewal after appropriate discovery, because of the uncertainty, at this point, as to where the alleged assault had taken place.

Defendant 2J's president, in his supporting affidavit, overstated that upon signing the lease, the tenants and their assignee "took exclusive possession and control of the premises". The lease contains no such conveyance of "exclusive possession and control"; indeed, the only use of those words was with regard to the *owner's* retention of such authority over so-called "common areas".

However, the IAS Court erred in focusing on control of area or space; the focus should have been on control of personnel. Even assuming the actual assault took place outside the restaurant, in a "common area", the injury suffered by plaintiff had nothing to do with the landlord's possession, maintenance or control over that area, nor with any hazard or physical defect in the property *(Bennett v Ames,* 77 AD2d 390, 391). Rather, the injury was a direct result of unforeseeable acts by personnel not under 2J's control *(see, Cavanaugh v Knights of Columbus Council 4360,* 142 AD2d 202, *lv denied* 74 NY2d 604). Whatever authority 2J retained over the common areas of the premises had nothing to do with the hiring and supervision of employees by the tenants or—to remove proximateness one further degree—their assignee. Indeed, the lease called for the tenants to hold the landlord harmless from any personal injury liability resulting from the acts of their employees or a subtenant's employees. Absent some proximate relationship between 2J and the employees of its tenants' assignee, the former clearly had no duty to protect plaintiff from the unforeseeable acts of the latter. Simply the sufferance of a bar operated on premises does not supply the

missing element of foreseeability to a landlord, so as to impose such a duty *(see, Toma v Charbonneau,* 186 AD2d 846). Concur —Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.