■ JOHN R. WHITE, Respondent, v JOSEPH STROBL, Appellant, et al., Defendant. [644 NYS2d 531]

The plaintiff herein was injured during the course of a party held in the home of the appellant Joseph Strobl's parents. The plaintiff eventually sued the appellant, the appellant's father, and Andrew J. Bandelli, who was also at the party and who allegedly injured the plaintiff. Thereafter, the appellant and his father moved to dismiss, *inter alia,* the complaint and Bandelli's cross claims. The complaint was dismissed insofar as asserted against the appellant's father. The branch of the appellant's motion which was to dismiss was granted as to Bandelli's cross claim against the appellant, but denied as to the complaint. The Supreme Court found the existence of issues of fact sufficient to warrant a denial of summary judgment. We disagree, and therefore reverse.

The appellant's submissions in support of the motion are sufficient to show that he did not breach any duty he owed to the plaintiff with regard to the behavior of any guests at his party. The appellant thus made a prima facie showing as to his entitlement to summary judgment as a matter of law. This shifted the burden to the plaintiff to produce proof in admissible form sufficient to establish the existence of a material issue of fact *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320).

The plaintiff's proof was insufficient to raise a factual question as to whether the appellant should have been aware of any improper or threatening behavior on the part of Bandelli such that he would be aware of a possible need to exercise control over any such behavior *(cf., Comeau v Lucas,* 90 AD2d 674; *see generally, D'Amico v Christie,* 71 NY2d 76). It was therefore improper to have denied the branch of the appellant's motion which was for summary judgment dismissing the complaint insofar as asserted against him.

In light of this determination we need not reach the parties' remaining contentions. Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.