■ GREGG BILOTTA, Respondent, v SAL STORINO et al., Defendants, and TOWN OF RYE, Appellant. [672 NYS2d 421] —In an action to recover damages for personal injuries, the defendant Town of Rye appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 23, 1997, as denied its cross motion

for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and (2) an order of the same court entered June 24, 1997, as denied its motion for leave to reargue.

Ordered that the appeal from the order entered June 24, 1997, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered April 23, 1997, is reversed insofar as appealed from, on the law, the cross motion by the defendant Town of Rye for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted; and it is further,

Ordered that the appellant is awarded one bill of costs, payable by the respondent.

The respondent alleges that on July 1, 1994, members of the Moody family, who are not parties to this action, hosted a graduation party in a building known as the "The Mansion", which is located in Crawford Park in the Town of Rye (hereinafter the Town). The Town had rented "The Mansion" to the Moodys for the party, and merely opened it up for them before the party, and locked it after the party was over. The Town did not supervise the party. Both the respondent and the defendant Sal Storino were invited as guests to the party. As the respondent was leaving the party, he and Storino became involved in an altercation in the parking lot of Crawford Park in which the respondent was injured. The respondent thereafter sued, among others, the Town, alleging that it was negligent, *inter alia*, in failing to provide any type of security and/or establish guidelines requiring a lessee to furnish security for its guests.

Under the facts alleged by the respondent, the Town, in its capacity as a private landlord, as a matter of law, had no duty to the respondent. There was no allegation that any representative of the Town controlled the party, or had any involvement with the affair (*see, Stackpoole v Knights of Columbus,* 236 AD2d 532; *Cavanaugh v Knights of Columbus Council 4360,* 142 AD2d 202). Nor does this matter involve a criminal intrusion by an unauthorized individual (*cf., Miller v State of New York,* 62 NY2d 506). Based on the facts alleged by the respondent, there is no basis to impose on the Town any duty to provide any type of security and/or establish guidelines requiring a lessee to furnish security for its guests (*see, Stackpoole v Knights of Columbus, supra; Cavanaugh v Knights of Columbus Council 4360, supra*). Since the Town had no duty to the respondent, the issue of foreseeability is academic (*see, Pulka v*

*Edelman,* 40 NY2d 781). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.