■ Wendy Jarvis et al., Respondents, v Nation of Islam et al., Defendants, and National Black Theater Workshop, Incorporated, Appellant. [674 NYS2d 324] —Order, Supreme Court, Bronx County (Janice Bowman, J.), entered on or about May 19, 1997, which, insofar as appealed from, denied defendant-appellant premises owner's motion to dismiss plaintiff police officers' first and second causes of action as barred by the Statute of Limitations, unanimously affirmed, without costs.

Although plaintiffs' alleged injuries resulted from an assault, they are "not thereby relegated only to a cause of action for as-

sault and battery. 'A single act or default causing a single injury may constitute a breach of different duties and may give rise to causes of action based upon different grounds of liability and subject to different statutory periods of limitations.'" (*Wimmer v Pratt Inst.*, 63 AD2d 885.) Accordingly, since the challenged causes of action could be construed as based upon appellant's negligent supervision of both its premises and employees, and therefore governed by the three-year Statute of Limitations for negligence, not the one-year Statute for assault, appellant's motion to dismiss these claims was properly denied (*see*, *Siagha v Salant-Jerome, Inc.*, 249 AD2d 11). Further, at this juncture, the record is insufficient to determine who assaulted plaintiffs, and, if the assault was committed only by members of appellant's lessee's congregation, whether appellant had notice of prior occurrences creating a duty to take precautions against such an occurrence (*compare*, *Smith v 2J Mgt. Co.*, 211 AD2d 418). Concur—Williams, J. P., Tom, Mazzarelli and Andrias, JJ.