■ PAUL D. CAVARETTA et al., Individually and as Parents and Natural Guardians of BRITTANY CAVARETTA, an Infant, Respondents, v GREGORY GEORGE et al., Appellants, et al., Defendant. [695 NYS2d 836] —Order unanimously reversed on the

law without costs, motion granted and complaint against defendants Gregory George, Mary George and Firelane 12 Properties, Inc. dismissed. Memorandum: Gregory George, Mary George and Firelane 12 Properties, Inc. (defendants) appeal from an order of Supreme Court that denied their motion for summary judgment dismissing the complaint against them. Plaintiffs commenced this action individually and as parents and natural guardians of their daughter who, while walking on the beach in Port Colborne, Ontario, Canada, stepped in "an unattended area containing hot coals and embers". Plaintiffs alleged that defendants, as the property owners, were negligent and created a "hazardous and unreasonably dangerous condition * * * which constituted and was an unlawful nuisance".

The court erred in denying defendants' motion. "A property owner, or one in control or possession of real property, has the duty to control the conduct of those whom he permits to enter upon it * * * provided that the owner knows that he can and has the opportunity to control the third-parties' conduct and is reasonably aware of the necessity for such control" (*Mangione v Dimino*, 39 AD2d 128, 129, citing *De Ryss v New York Cent. R. R. Co.*, 275 NY 85; *see, Toma v Charbonneau*, 186 AD2d 846; *City of New York v Basil Co.*, 182 AD2d 307). It is undisputed that the Georges were not present at the time of the incident and had no opportunity to control the allegedly negligent behavior of the persons who were using the property. In support of the motion, defendants submitted the deposition testimony of the Georges establishing that they had allowed those persons to use the property in the past and had not received any complaints about their use of the property, nor had there been any similar incidents. Additionally, the Georges posted rules explaining the proper method for tending to fires and the proper placement of fires. Thus, defendants met their burden of establishing their entitlement to summary judgment dismissing the complaint against them, and plaintiffs failed to raise an issue of fact whether defendants "either knew about or through the use of reasonable care should have known about the dangerous activity and had a reasonable opportunity to prevent or control it" (PJI 2:114 [3d ed]). (Appeal from Order of Supreme Court, Erie County, LaMendola, J.—Summary Judgment.) Present—Denman, P. J., Pine, Hayes, Hurlbutt and Callahan, JJ.