■ LISA DiCHIARO, an Infant, by Her Father and Natural Guardian, VITO DiCHIARO, et al., Appellants, v DELORES GAPANOFF et al., Respondents. [706 NYS2d 340] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Hall, J.), dated March 16, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The then-11-year-old infant plaintiff was playing on a trampoline in the defendants' backyard when she fell and injured her elbow. The plaintiffs subsequently commenced this

action against the defendants, alleging that the injuries that the infant plaintiff sustained resulted from the defendants' negligence in entrusting a dangerous instrument to her.

The determination of whether a particular instrument is dangerous depends upon the " 'nature, complexity, and size of the instrument as well as the age and proficiency of the infant utilizing it' " (*Sorto v Flores,* 241 AD2d 446, 447). Where the record is sufficiently developed, such a determination may be made as a matter of law (*see, Sorto v Flores, supra*). Under the circumstances of this case, the Supreme Court properly concluded as a matter of law that the trampoline was not a dangerous instrument. O'Brien, J. P., Altman, McGinity and Smith, JJ., concur.