■ Dawn O'Callaghan et al., Respondents, v Winifred D. Jones et al., Defendants, and Fern Dunn, Appellant. [725 NYS2d 252] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in denying the motion of defendant Fern Dunn seeking summary judgment dismissing the amended complaint against her. Plaintiffs commenced this action alleging, *inter alia*, that defendant Winifred Dunn Jones attacked them with a "weed eater." On the day of the incident, Jones was performing outdoor maintenance on property owned by Dunn, her mother, and defendant Norma Green (Green), her aunt. The property owned by Dunn and Green adjoined property owned by plaintiffs. Plaintiffs alleged, *inter alia*, that Dunn was liable for her "negligent retention and supervision" of Jones. Landowners "have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85). Here, Dunn established as a matter of law that she owed no duty to plaintiffs because she had no opportunity to control Jones, nor could Dunn have been "reasonably aware of the need for such control" (*D'Amico v Christie, supra*, at 85). In opposition, plaintiffs failed to submit any evidence of prior assaultive behavior by Jones (*see, Jones v Great Am. Grocery Store* [appeal No. 2], 234 AD2d 940, 940-941) and otherwise failed to raise an issue of fact to defeat the motion. We modify the order, therefore, by granting the motion of Dunn and dismissing the amended complaint against her. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present—Green, J. P., Hurlbutt, Scudder, Burns and Lawton, JJ.