■ ANTHONY FANTUZZO et al., Respondents, v DAVID M. ATTRIDGE et al., Appellants. [737 NYS2d 192] —Appeal from an

order of Supreme Court, Monroe County (Bergin, J.), entered May 9, 2001, which denied defendants' motion for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting defendants' motion in part and dismissing the causes of action against defendants David M. Attridge and Jeanne M. Attridge alleging the violation of General Obligations Law § 11-100 and as modified the order is affirmed without costs.

Memorandum: Defendant Jill Attridge, the 19-year-old daughter of defendants David M. Attridge and Jeanne M. Attridge, hosted a party at the home of her parents while they were out of town. During the course of the party, plaintiffs were assaulted by other partygoers and subsequently commenced this personal injury action asserting causes of action for negligence and violations of General Obligations Law § 11-100. Supreme Court properly denied that part of defendants' motion seeking summary judgment dismissing the negligence causes of action against defendant parents. Although defendants met their initial burden on the motion with respect to those causes of action by establishing that defendant parents were unable to control the conduct of guests in their home in their absence, plaintiffs raised an issue of fact whether defendant mother knew that the party was going to take place when she and her husband were out of town and thus whether defendant parents failed to exercise due care in permitting their daughter to host an unsupervised party at their home in their absence (*see, Comeau v Lucas*, 90 AD2d 674, 674-675; *see also, D'Amico v Christie*, 71 NY2d 76, 85; *Kern v Ray*, 283 AD2d 402). We further conclude that the court properly denied that part of defendants' motion seeking summary judgment dismissing the negligence causes of action against defendant daughter. There is an issue of fact whether she acted reasonably in permitting the assailants to remain at the party despite the fact that their presence made her feel "unsettled" (*see, D'Amico v Christie, supra* at 85; *Kern v Ray, supra* at 402).

The court erred, however, in denying that part of defendants' motion seeking summary judgment dismissing the causes of action against defendant parents alleging the violation of General Obligations Law § 11-100. While the statute does not limit liability to those who physically provide alcohol to a minor, it requires a showing that a defendant "was more than an unknowing bystander or an innocent dupe whose premises were used by * * * minors seeking to drink" (*Rust v Reyer*, 91 NY2d 355, 361). Here, defendant parents established that they nei-

ther furnished nor procured alcoholic beverages for anyone at the party, and plaintiffs failed to raise an issue of fact whether defendant parents "were aware of, or * * * had given permission for, the consumption of alcoholic beverages on their premises by underage people" (*Guercia v Carter*, 274 AD2d 553, 554). Defendants' motion with respect to the General Obligations Law § 11-100 causes of action against defendant daughter was properly denied, however, because she admitted that she aided in procuring the alcohol served at the party (*see generally*, General Obligations Law § 11-100 [1]). We therefore modify the order by granting defendants' motion in part and dismissing the causes of action against defendant parents alleging the violation of General Obligations Law § 11-100. Present—Pine, J.P., Scudder, Kehoe, Burns and Gorski, JJ.