■ DEBRA LASEK, Individually and as Mother and Natural Guardian of CORINNE LASEK, an Infant, Respondent, v ANGELINE MILLER et al., Appellants, et al., Defendants. [762 NYS2d 204] —Appeal from an order of Supreme Court, Erie County (Notaro, J.), entered September 18, 2002, which denied the motion of defendants Angeline Miller and Eva Wawrzyniak for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries sustained by her 9-year-old daughter while using a trampoline on premises owned by Angeline Miller and Eva Wawrzyniak (defendants). Plaintiff's daughter was injured while using the trampoline simultaneously with three other persons, despite labels on the trampoline warning against use by more than one person at a time. Supreme Court properly denied the motion of defendants for summary judgment dismissing the complaint against them. We agree with defendants that the trampoline was not a dangerous instrument as a matter of law (*see DiChiaro v Gapanoff*, 270 AD2d 450, 451 [2000]) and that defendants established that they neither had nor undertook any duty to supervise plaintiff's daughter. We nevertheless conclude, however, that there is a triable issue of fact whether defendants breached a duty to control the conduct of those persons using the trampoline at the time of the accident. Property owners "have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987], citing *De Ryss v New York Cent. R.R. Co.*, 275 NY 85 [1937]; *see Cavaretta v George*, 265 AD2d 801, 802 [1999]; *Mangione v Dimino*, 39 AD2d 128, 129-130 [1972]; *see also Huyler v Rose*, 88 AD2d 755 [1982], *appeal dismissed*

57 NY2d 777 [1982]). Here, there is an issue of fact whether defendants " 'either knew about or through the use of reasonable care should have known about [the unsafe use of the trampoline] and had a reasonable opportunity to prevent or control it' " (*Cavaretta*, 265 AD2d at 802, quoting PJI 2:114 [3d ed]; *see D'Amico*, 71 NY2d at 85; *Mangione*, 39 AD2d at 129-130). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.