[762 NYS2d 745]

WILLIAM DYNAS, Respondent, v JOHN J. NAGOWSKI, Appellant, and SHAWN M. MURRAY, Respondent, et al., Defendant.

Fourth Department, July 3, 2003

### APPEARANCES OF COUNSEL

*Chelus, Herdzik, Speyer, Monte & Pajak, P.C.*, Buffalo (*Gregory V. Pajak* of counsel), for appellant.

*Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria LLP*, Buffalo (*John A. Collins* of counsel), for William Dynas, respondent.

*Kenney, Kanaley, Shelton & Liptak, L.L.P.*, Buffalo (*Jennifer L. Decker* of counsel), for Shawn M. Murray, respondent.

## OPINION OF THE COURT

Hurlbutt, J.

This case presents the issue, apparently one of first impression in New York, whether a parent who allegedly consented to the hosting of a party at his home by his adult children in his absence may be held liable, based on an alleged agency relationship between the parent and his children, for the negligent failure of the children to control the conduct of others at the party. Even assuming, arguendo, that the parent consented to the hosting of the party, we conclude that no agency relationship was thereby created and thus conclude that Supreme Court should have granted the motion of defendant parent, John J. Nagowski (defendant), for summary judgment dismissing the amended complaint against him.

*I*

In August 1998, defendant and his wife owned a residence in the Town of Lancaster that was also occupied by defendant's son Jonathan Nagowski and his wife and child. Defendant's other son, 23-year-old Timothy Nagowski, was at home on leave from the Air Force. On August 5, 1998, defendant and his wife departed for a weekend camping trip. On August 7, 1998, Jonathan and Timothy Nagowski hosted a party at defendant's residence in celebration of Jonathan's 26th birthday. Plaintiff, a guest at the party, was injured as the result of alleged horseplay engaged in by two other guests, defendants Shawn M. Murray and James R. Muench, Jr.

Plaintiff commenced this negligence action to recover for his injuries, alleging, inter alia, that defendant was negligent in "failing and omitting to exercise proper supervision and control at the aforesaid premises." After issue was joined and discovery was conducted, defendant moved for summary judgment dismissing the amended complaint against him. In support thereof, defendant submitted his deposition testimony in which he testified that he was unaware of any party that weekend and that he did not allow parties to be held at his home in his absence. Defendant contended that he thereby established that he did not consent to the hosting of the party and that, in any event, he owed no duty to protect plaintiff from the conduct of others on the premises. However, defendant also submitted the deposition testimony of his son Timothy, in which he testified that "I had told [defendant and his wife that] I was going to have some people over for my brother's birthday and they told me to keep it small." Plaintiff contended in opposition to the motion that, based on Timothy's deposition testimony, there is

an issue of fact whether Jonathan and Timothy Nagowski were acting as defendant's agents. Plaintiff further contended that, if they were so acting, defendant is liable as principal for his sons' alleged negligence in failing to control the conduct of the guests at the party. The court denied the motion, and this appeal ensued. Even assuming, arguendo, that defendant consented to the hosting of the party, we conclude as a matter of law that Jonathan and Timothy Nagowski were not acting as his agents based merely on that consent, and thus we conclude that the order insofar as appealed from should be reversed and defendant's motion granted.

## II

Landowners have "a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie*, 71 NY2d 76, 85 [1987]; *see Huyler v Rose*, 88 AD2d 755 [1982], *appeal dismissed* 57 NY2d 777 [1982]; *Mangione v Dimino*, 39 AD2d 128, 129-130 [1972]). Ordinarily, landowners who are not present at the time of the harmful conduct by others and have neither notice of nor control over such conduct are under no duty to protect others from its consequences (*see Cavaretta v George*, 265 AD2d 801, 802 [1999]; *Toma v Charbonneau*, 186 AD2d 846, 847 [1992]; *see also O'Callaghan v Jones*, 283 AD2d 949 [2001]; *Dryden Mut. Ins. Co. v Harr*, 247 AD2d 684, 686-687 [1998]). Defendant is thus entitled to summary judgment dismissing the amended complaint against him unless, as plaintiff contends, he can be held liable based on an agency relationship with his sons.

## III

To support his theory of agency, plaintiff relies on this Court's decision in *Comeau v Lucas* (90 AD2d 674 [1982]). In *Comeau*, the plaintiff was assaulted by an intoxicated rock band member at a party hosted by the 16-year-old daughter of defendant parents while they were out of the country. We concluded that Supreme Court erred in dismissing the negligence causes of action against defendant parents because, inter alia, there was an issue of fact whether defendant parents had "failed to exercise due care in allowing their daughter to host the party under the circumstances of this case" (*id.* at 675; *see also Fantuzzo v Attridge*, 291 AD2d 871, 872 [2002]), i.e., "despite knowing that beer would be served; that a rock band was engaged; and that many of the guests would be under 18 years

of age" (*Comeau,* 90 AD2d at 674). This Court further concluded that defendant daughter, as the agent of her parents, could be held liable for a breach of "the same duty owed by her parents to prevent an unreasonable risk of bodily harm" (*id.* at 675). We determined that the plaintiff had "alleged sufficient facts to show that [defendant daughter] was the agent of her parents at the time plaintiff's injury occurred," inasmuch as defendant parents "expressly placed [their daughter] in control of the premises, authorized the party at their home, and gave a number of instructions to [their daughter] with which she apparently complied" (*id.*). We note that, unlike the ordinary circumstances in which an agency theory is invoked to cast liability on a principal for the tortious conduct of an agent under the theory of respondeat superior, in *Comeau* the agency theory was invoked to hold the agent, defendant daughter, liable for breach of a duty owed by the principals, defendant parents. Other cases have followed *Comeau* and have likewise permitted plaintiffs to invoke an agency theory to hold children, whether minor or adult, liable for hosting parties based on the duty of the parent owners to protect persons attending parties on their premises (*see Kern v Ray*, 283 AD2d 402 [2001]; *Demarest v Bailey*, 246 AD2d 772, 773 [1998]; *Lane v Barker*, 241 AD2d 739, 740 [1997]).

We further note that the duty to control the conduct of third persons for the protection of others on the premises extends not only to landowners, but also to those in control or possession of the premises (*see De Ryss v New York Cent. R.R. Co.*, 275 NY 85, 93-94 [1937]; *Cavaretta*, 265 AD2d at 802; *Bartkowiak v St. Adalbert's R.C. Church Socy.*, 40 AD2d 306, 309-310 [1973]; *Mangione*, 39 AD2d at 129). It was therefore unnecessary in *Comeau* and its progeny to invoke an agency theory in order to hold the party hosts, who were in both control and possession of the premises, liable for failure to control the unsafe conduct of their guests.

## IV

We conclude that no agency relationship existed between defendant and his sons as a matter of law. "The existence of a parent-child relationship is insufficient to establish an agency relationship; the proof must establish that the child is in fact an agent of the parent" (*Hannold v First Baptist Church*, 254 AD2d 746, 747 [1998]). As the Second Department wrote in *Maurillo v Park Slope U-Haul* (194 AD2d 142, 146 [1993]):

"Agency is a legal relationship between a principal and an agent. It is a fiduciary relationship which results from the manifestation of consent of one person to allow another to act on his or her behalf and subject to his or her control, and consent by the other so to act * * *. The agent is a party who acts on behalf of the principal with the latter's express, implied, or apparent authority.

"Under most circumstances, intrafamilial activity will not give rise to an agency relationship * * *."

In *Maurillo*, the Court determined that there was a triable issue of fact whether there was an agency relationship between a father and his son, who was driving a U-Haul van in order to move furniture to the family's summer home at the father's request. The Court noted that, "[i]n undertaking the trip * * *, [the son] was acting upon the request of his father, at the father's direction, and for the father's benefit" (*id.* at 147). None of those factors is present here. Defendant neither requested nor directed that his sons host the party, and the party was in no way for defendant's benefit. Further, unlike *Comeau*, which should be limited to its particular facts, defendant herein was not involved in the planning of the party and gave no direction concerning the manner in which it was to be conducted. Because there is no triable issue of fact whether Jonathan and Timothy Nagowski were acting as defendant's agents, defendant's motion for summary judgment should be granted (*see generally Cavaretta*, 265 AD2d at 802; *Toma*, 186 AD2d at 847).

## V

In addition, we conclude that the cross claim of defendant Shawn M. Murray seeking contribution from defendant should be dismissed. We note that the motion of defendant sought only summary judgment dismissing the amended complaint against him and did not explicitly seek dismissal of Murray's cross claim, incorrectly identified as an affirmative defense in Murray's answer. Nevertheless, Murray filed papers in opposition to defendant's motion and has filed a respondent's brief on this appeal, and the parties have thus treated defendant's motion as addressed to the cross claim as well as to the amended complaint. We therefore address and reject as without merit Murray's contention that there is an issue of fact whether defendant was negligent in consenting to his adult sons' hosting of the party (*cf. Fantuzzo*, 291 AD2d at 872; *Comeau*, 90 AD2d at 674-675), and we conclude that summary judgment should

be granted dismissing Murray's cross claim in addition to the amended complaint against defendant.

Accordingly, the order insofar as appealed from should be reversed, the motion of defendant granted and the amended complaint against defendant as well as Murray's cross claim for contribution from defendant dismissed.

PINE, J.P., SCUDDER, KEHOE and HAYES, JJ., concur.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed, on the law, without costs, the motion is granted and the amended complaint and the cross claim of defendant Shawn M. Murray against defendant John J. Nagowski are dismissed.