KARIEN PICHARDO, Appellant, v NEW YORK CITY DEPARTMENT OF EDUCATION et al., Respondents, et al., Defendants. [953 NYS2d 31]—

Plaintiff failed to establish that defendants' conduct contributed to her delay in commencing this action and that therefore defendants should be estopped from asserting the defense of the one-year statute of limitations applicable to her non-tort claims of gender and disability discrimination, sexual harassment, retaliation, and breach of contract (see Nowinski v City of New York, 189 AD2d 674 [1st Dept 1993]). Moreover, she failed to establish due diligence on her part in ascertaining the limitations period for commencing the action (see Walker v New York City Health & Hosps. Corp., 36 AD3d 509 [1st Dept 2007]). Unlike

her non-tort claims, which accrued on the date of her termination as a probationary teacher, plaintiff's negligent supervision and hiring and negligent infliction of emotional distress claims accrued on the date of the last alleged underlying act (*see* Education Law § 3813 [2]; General Municipal Law § 50-i; *Jarvis v Nation of Islam*, 251 AD2d 116 [1st Dept 1998]; *Dana v Oak Park Marina*, 230 AD2d 204, 210-211 [4th Dept 1997]). The last date on which it may be reasonably inferred from the complaint that an act of harassment occurred was April 24, 2009. Since plaintiff did not commence this action until August 12, 2010, her tort claims are barred by the one-year-and-90-day statute of limitations. Plaintiff's assertion in her appellate brief that the alleged harassment continued until the date she was terminated is not supported in the record. We note that, in opposition to defendants' motion, plaintiff failed to avail herself of the opportunity to submit an affidavit or other evidence to amplify the allegations in her complaint and establish the timeliness of her claims.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Saxe, DeGrasse and Manzanet-Daniels, JJ.