# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**80**

**CA 12-01293**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

MARK PETTIT, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

RANDY B. GREEN, ET AL., DEFENDANTS,
SIX-S GOLF, LLC, SIX-S HOLDINGS, LLC, LARRY
SHORT, DOING BUSINESS AS SIX-S GOLF COURSE AND
WILLIAM F. SHORT, DOING BUSINESS AS SIX-S GOLF
COURSE, DEFENDANTS-APPELLANTS.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP, BUFFALO (ELIZABETH A. KRAENGEL
OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cattaraugus County
(Gerald J. Whalen, J.), entered December 22, 2011.  The order denied
the motion of defendants Six-S Golf, LLC, Six-S Holdings, LLC, Larry
Short, doing business as Six-S Golf Course, and William F. Short,
doing business as Six-S Golf Course, for summary judgment dismissing
the complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the complaint against defendants Six-S Golf, LLC, Six-S Holdings,
LLC, Larry Short, doing business as Six-S Golf Course, and William F.
Short, doing business as Six-S Golf Course, is dismissed.

Memorandum:  Plaintiff commenced this negligence action to
recover damages for injuries he sustained while attending a party
hosted by defendant Jesse J. Dewey on premises allegedly owned by
Six-S Golf, LLC, Six-S Holdings, LLC, Larry Short, doing business as
Six-S Golf Course, and William F. Short, doing business as Six-S Golf
Course (collectively, defendants).  It is undisputed that other party
guests accosted plaintiff, knocked him to the ground, and beat him.
Defendants appeal from an order denying their motion for summary
judgment dismissing the complaint against them, contending that as a
matter of law they owed plaintiff no duty of care.  We agree.

In general, "[landowners] are under a common-law duty to 'control
the conduct of third persons on their premises when they have the
opportunity to control such persons and are reasonably aware of the
need for such control' " (*Furio v Palm Beach Club*, 204 AD2d 1053,

1054, quoting *D'Amico v Christie*, 71 NY2d 76, 85; *see Dynas v Nagowski*, 307 AD2d 144, 146).  Thus, landowners who are not present when a guest engages in harmful conduct and who have neither notice of nor control over such conduct are under no duty to protect others from such conduct (*see Cavaretta v George*, 265 AD2d 801, 802), unless the nature of the relationship between the landowners and the party host is such that the landowners, even if absent, are deemed to share in the duty imposed upon the host (*see D'Amico*, 71 NY2d at 87-88; *Dynas*, 307 AD2d at 146; *see generally Sideman v Guttman*, 38 AD2d 420, 429).

Here, defendants met their initial burden on the motion for summary judgment by establishing that they were not present and had neither notice of nor control over the conduct at issue (*see Dynas*, 307 AD2d at 146).  Inasmuch as plaintiff did not establish any special relationship between defendants and Dewey such that they would be charged with Dewey's legal duty to protect plaintiff from harm, he failed to raise a triable issue of fact sufficient to defeat the motion (*see id.* at 146-148; *Cavanaugh v Knights of Columbus Council 4360*, 142 AD2d 202, 204, *lv denied* 74 NY2d 604).

Entered:  March 15, 2013                    Frances E. Cafarell
                                            Clerk of the Court