Bavisotto v Doldan (2019 NY Slip Op 06247)





Bavisotto v Doldan


2019 NY Slip Op 06247


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


329 CA 18-01476

[*1]PAUL M. BAVISOTTO, PLAINTIFF-APPELLANT,
v
MICHAEL DOLDAN, INDIVIDUALLY AND AS PARENT OF SARAH DOLDAN, SARAH DOLDAN, DEFENDANTS-RESPONDENTS, AND MEGHAN GRAY, DEFENDANT. 






SHAW & SHAW, P.C., HAMBURG (LEONARD D. ZACCAGNINO OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LAW OFFICES OF JOHN WALLACE, BUFFALO (ALYSON CULLITON OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 21, 2018. The order granted the motion of defendants Michael Doldan, individually and as parent of Sarah Doldan, and Sarah Doldan for summary judgment and dismissed the complaint and all cross claims against them. 
It is hereby ORDERED that the order so appealed from is affirmed without costs.
Memorandum: Plaintiff commenced this action against Michael Doldan, individually and as parent of Sarah Doldan, and Sarah Doldan (collectively, defendants), as well as Meghan Gray, seeking damages for injuries he sustained at defendants' home when Gray poured kerosene onto a fire in a fire pit, spraying plaintiff in the process and causing him to catch fire. Defendants moved for, inter alia, summary judgment dismissing the complaint against them on the ground that the sole proximate cause of plaintiff's injuries was Gray's act of pouring kerosene onto the active fire. Supreme Court granted defendants' motion, and we affirm.
We conclude that defendants met their burden to "make a prima facie showing of entitlement to judgment as a matter of law, [by] tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Defendants' submissions in support of their motion established that Gray owned the can of kerosene and brought it to defendants' property some time prior to the date of the incident for the purpose of soaking wicks for use in the art of fire spinning. On the night of the incident, despite her experience with using kerosene as an accelerant, Gray retrieved the kerosene from defendants' yard and poured it into the active fire pit. We conclude that "the record eliminates any legal cause other than the reckless conduct of [Gray,] who by virtue of [her] general knowledge of [the injury-causing instrument], [her] observations prior to the accident, and plain common sense . . . must have known that [her actions] posed a danger of injury" (Howard v Poseidon Pools, 72 NY2d 972, 974-975 [1988] [internal quotation marks omitted]; see Steir v London Guar. & Acc. Co., Ltd., 227 App Div 37, 38-39 [1st Dept 1929], affd 254 NY 576 [1930]). Where "only one conclusion may be drawn from the established facts . . . the question of legal cause may be decided as a matter of law" (Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980], rearg denied 52 NY2d 784 [1980]). Having merely furnished the occasion for the occurrence of the incident, defendants did not cause plaintiff's injury and may not be held liable (see Riccio v Kid Fit, Inc., 126 AD3d 873, 874 [2d Dept 2015]).
Although plaintiff correctly contends that defendants owed him a duty of care as a guest on their property (see Comeau v Lucas, 90 AD2d 674, 675 [4th Dept 1982]), defendants' submissions establish that they did not breach their duty to "act as . . . reasonable [persons] in [*2]maintaining [the] property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk" (Basso v Miller, 40 NY2d 233, 241 [1976] [internal quotation marks omitted]). All attendees of the gathering at defendants' property on the night of the incident were adults, and it was not unreasonable for defendants to allow the small group of adults to use the premises for an unsupervised gathering around a fire pit.
We respectfully disagree with the view of our dissenting colleague that defendants' own submissions contained conflicting deposition testimony with respect to whether Sarah Doldan breached a duty to control the conduct of Gray. We reject the view of the dissent that Sarah Doldan's deposition testimony that she warned Gray not to use the kerosene and told Gray to give her the can of kerosene conflicted with Gray's deposition testimony that she did not recall a warning not to use the kerosene. Gray repeatedly testified during her deposition that she did not recall a warning, which is not the same as testimony that no such warning was uttered. Inasmuch as that distinction was not initially clear from her testimony, Gray was specifically asked to clarify whether she meant that she did not recall a warning or that Sarah Doldan did not warn her not to use the kerosene. Gray maintained that she did not recall Sarah Doldan warning her not to use the kerosene. Even viewing this testimony in the light most favorable to plaintiff and giving him the benefit of every favorable inference (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), Gray's testimony about her inability to recall the happening of an event is not affirmative proof that the event did not happen. Gray's testimony that she did not recall Sarah Doldan's warning was thus insufficient to create an issue of fact (see e.g. Cortese v Pobejimov, 136 AD3d 635, 636 [2d Dept 2016]; Lombardo v Tag Ct. Sq., LLC, 126 AD3d 949, 951 [2d Dept 2015]; Sandu v Sandu, 94 AD3d 1545, 1546 [4th Dept 2012]). 
Furthermore, the mere presence of kerosene on the premises did not render the premises unsafe or present a known dangerous condition. Plaintiff does not allege that the kerosene was stored so close to the fire pit as to present a foreseeable danger of contact between the fire and the accelerant, and the deposition testimony submitted by defendants in support of their motion established that the can of kerosene was "pretty far away from the fire." Inasmuch as kerosene has legitimate household uses and the likelihood of it causing injury to a guest was low, given the age of the guests and the fact that the fire pit had been used by members of the group many times before Gray brought the kerosene to the property for use in connection with fire spinning (see Steir, 227 App Div at 39), we conclude that the mere presence of the kerosene did not render the premises unsafe or warrant such concern that defendants were required to see to its disposal. We further conclude that the issue whether defendants asked Gray to remove the can of kerosene from their property prior to the incident is immaterial.
Even assuming, arguendo, that defendants were negligent in allowing the kerosene to remain on their property, we conclude that the mere presence of the kerosene was insufficient to make them "reasonably aware of the need" to control Gray's actions (D'Amico v Christie, 71 NY2d 76, 85 [1987]). Although Gray was knowledgeable about the nature of kerosene and had experience using it, she created the dangerous condition when she committed the unforeseeable superseding act of pouring the kerosene onto an open flame (see Boltax v Joy Day Camp, 67 NY2d 617, 619-620 [1986]; Jones v City of New York, 10 AD3d 411, 411-412 [2d Dept 2004], lv denied 4 NY3d 706 [2005]), thereby severing any causal nexus between defendants' purported negligence and plaintiff's injuries (cf. Derdiarian, 51 NY2d at 315-316).
In opposition to defendants' showing, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
All concur except Peradotto, J., who dissents in part and votes to modify in accordance with the following memorandum: I respectfully dissent in part because, in my view, Michael Doldan, individually and as parent of Sarah Doldan, and Sarah Doldan (defendants) failed to establish as a matter of law on their motion for, inter alia, summary judgment dismissing the complaint against them that Sarah Doldan did not breach a duty to control the conduct of defendant Meghan Gray. I would therefore modify the order on the law by denying in part the motion of defendants and reinstating the complaint against Sarah Doldan.
It is well established that landowners and those in control or possession of the premises "have a duty to control the conduct of third persons on their premises when they have the [*3]opportunity to control such persons and are reasonably aware of the need for such control" (D'Amico v Christie, 71 NY2d 76, 85 [1987]; see Dynas v Nagowski, 307 AD2d 144, 146, 147 [4th Dept 2003]). Here, I conclude that defendants' own papers contain conflicting deposition testimony of Sarah Doldan and Gray regarding whether Sarah Doldan had the opportunity to prevent Gray from pouring kerosene on the fire and whether she attempted to do so by warning Gray against such conduct (see Struebel v Fladd, 75 AD3d 1164, 1165 [4th Dept 2010]; Lasek v Miller, 306 AD2d 835, 835-836 [4th Dept 2003]; Fantuzzo v Attridge, 291 AD2d 871, 872 [4th Dept 2002]). Contrary to the majority's assertion, when viewed in context and in the light most favorable to plaintiff while giving him the benefit of every reasonable inference (see Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), Gray's testimony was that she did not recall anyone, including Sarah Doldan, warning her against pouring kerosene on the fire because no such warning was uttered. Gray's testimony in this regard did not, as the majority asserts, convey an "inability to recall the happening of an event." Rather, Gray's testimony, when properly viewed, conflicts with Sarah Doldan's testimony that she told Gray not to use the kerosene and instructed her to hand it over. In addition, inasmuch as Gray did not act spontaneously and instead mentioned putting kerosene on the fire and then retrieved it from a distance "pretty far away from [the] fire" before returning thereto and inasmuch as Sarah Doldan was admittedly aware of such conduct, I conclude that there is an issue of fact whether Sarah Doldan could have "reasonably anticipated or prevented" Gray's conduct (Kramer v Arbore, 309 AD2d 1208, 1209 [4th Dept 2003]; cf. Hillen v Queens Long Is. Med. Group, P.C., 57 AD3d 946, 947 [2d Dept 2008]; see also Lasek, 306 AD2d at 835-836). Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court