■ JOHANNA STACKPOOLE, Appellant, v KNIGHTS OF COLUMBUS et al., Respondents, et al., Defendants. [653 NYS2d 943] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Rockland County (Meehan, J.), entered November 3, 1995, which, upon a prior order granting the motion of the defendants Knights of Columbus and Supreme Council of the Knights of Columbus for summary judgment, dismissed the complaint and all cross claims insofar as asserted against those defendants, (2) a judgment of the same court, entered November 16, 1995, which, upon a prior order granting the motion of the defendants John Cardinal McCloskey Council #4565 s/h/a Cardinal McCloskey Council #4565, and Cardinal McCloskey K-C Club, Inc., for summary judgment, dismissed the complaint and all cross claims insofar as asserted against those defendants, and (3) a judgment of the same court, entered December 12, 1995, which, upon a prior order granting the motion of the defendants Dennis Riordan, Sr., Dennis Riordan, Jr., and Frank Riordan for summary judgment, dismissed the complaint and all cross claims insofar as asserted against those defendants.

Ordered that the judgments are affirmed, with one bill of

costs payable to the respondents appearing separately and filing separate briefs.

This action concerns an incident in which the plaintiff's conservatee Patrick Stackpoole was injured when he was struck by a vehicle operated by the defendant Christopher Carney on a public roadway after they had left a function at a nearby Knights of Columbus Hall. The hall was owned by the defendant Cardinal McCloskey K-C Club, Inc., and had been rented for the evening by the defendant Dennis Riordan, Jr. The Supreme Court properly awarded summary judgment in favor of the seven moving defendants.

There is no evidence that any representative of Cardinal McCloskey K-C Club, Inc., Cardinal McCloskey Council #4565, the Knights of Columbus, or the Supreme Council of the Knights of Columbus controlled or was even present at the subject function. Indeed, the various Knights of Columbus defendants other than the owner of the premises had absolutely no involvement with the affair and cannot be held liable for any injuries which allegedly arose in connection therewith (*see, O'Hare v Tradewinds Corp.,* 118 AD2d 632). With regard to the defendant Cardinal McCloskey K-C Club, Inc., the plaintiff failed to come forward with evidence establishing that it had any obligation to control or supervise the guests at the function (*see, Cavanaugh v Knights of Columbus Council 4360,* 142 AD2d 202). Furthermore, a claim of common law negligence may not be maintained against a property owner for injuries which, as here, did not occur on the premises or in an area under the owner's control (*see, D'Amico v Christie,* 71 NY2d 76).

Similarly, the plaintiff has failed to demonstrate any valid legal theory of liability against the individual defendants Dennis Riordan, Sr., Dennis Riordan, Jr., and Frank Riordan.

We have considered the plaintiff's remaining contentions and find them to be without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.