■ CHARLES MAGNER et al., Appellants, v SOUTHLAND CORP., Doing Business as 7-11 STORES, et al., Respondents. [690 NYS2d 106] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from two judgments of the Supreme Court, Westchester County (DiBlasi, J.), both entered April 23, 1998, which, upon the granting of the separate motions of the defendants Southland Corp., d/b/a 7-11 Stores, and Waldbaums made at the close of the plaintiffs' case to dismiss the complaint and all cross claims insofar as asserted against them for failure to establish a prima facie case, dismissed the complaint and all cross claims insofar as asserted against them.

Ordered that the judgments are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiffs commenced this action against the defendants to recover damages, *inter alia*, for personal injuries sustained by the plaintiff Charles Magner when he allegedly slipped and fell on ice located near the back of his truck at a 7-11 Store owned by the defendant Southland Corp. (hereinafter Southland), and stepped into a pothole at the delivery area behind a store owned by the defendant Waldbaums. The plaintiffs failed to prove a prima facie case of negligence against Southland since they did not prove that Southland, an out-of-possession landlord, had actual or constructive notice of the alleged icy condition (*see, Simmons v Metropolitan Life Ins. Co.,* 84 NY2d 972). The evidence demonstrated that it was the franchisee's responsibility to keep the parking lot free of snow and ice. There was no evidence that Southland was told of the alleged icy condition in the 7-11 Store parking lot, or that its limited right of re-entry constituted constructive notice of alleged hazard on the premises (*see, Simmons v Metropolitan Life Ins. Co., supra; Stark v Port Auth.,* 224 AD2d 681, 682).

In addition, the plaintiffs failed to prove prima facie that Waldbaums had ownership, possession, or control over the area where the injured plaintiff allegedly fell such that it could be held liable (*see, Stackpoole v Knights of Columbus,* 236 AD2d 532, 533; *Bentley v City of Amsterdam,* 170 AD2d 725, 726; *Balsam v Delma Eng'g Corp.,* 139 AD2d 292, 296). Moreover, there was no evidence to support the plaintiffs' theory that the use of the Town road by Waldbaums which accessed its delivery area constituted a special use thereof (*see, Balsam v Delma Eng'g Corp., supra*). Bracken, J. P., Santucci, Krausman and Feuerstein, JJ., concur.