■ HOWARD MALAMENT et al., Respondents, v VASAP CONSTRUCTION CORP., Also Known as VASOP CONSTRUCTION CORP., Defendant, and DOLA CONSTRUCTION CORP., Appellant. (And a Third-Party Action.) [728 NYS2d 381] —In an action to recover damages for personal injuries, etc., the defendant Dola Construction Corp. appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated July 7, 2000, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion to strike its affirmative defense of the Statute of Limitations.

Ordered that the order is modified by deleting the provision thereof granting the plaintiffs' motion to strike the affirmative defense of the Statute of Limitations; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

As set forth in *Buran v Coupal* (87 NY2d 173, 178), the three conditions that must be satisfied in order for claims against

one defendant to relate back to claims asserted against another defendant under CPLR 203 (f) are that: "(1) both claims arose out of the same conduct, transaction or occurrence, (2) the new party is 'united in interest' with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits and (3) the new party knew or should have known that, but for an excusable mistake by plaintiff as to the identity of the proper parties, the action would have been brought against him as well."

The evidence is insufficient to satisfy the second prong of the test, that the defendants are united in interest "such that they stand or fall together and that judgment against one will similarly affect the other" (*Desiderio v Rubin,* 234 AD2d 581, 583). Thus, this matter is remitted to the Supreme Court, Nassau County, for a hearing and determination as to whether the defendants are united in interest. O'Brien, J. P., Krausman, Goldstein, Schmidt and Crane, JJ., concur.