■ Dorene Ross, Respondent, v Lyndhurst et al., Appellants. [736 NYS2d 98] —In an action to recover damages for personal injuries, the defendants Lyndhurst and National

Trust for Historic Preservation appeal from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered October 13, 2000, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant Westchester Arts Council separately appeals, as limited by its brief, from so much of the same order as denied its separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying the motion of the defendant Westchester Arts Council and substituting therefor a provision granting that motion; as so modified, the order is affirmed, with one bill of costs to the defendant Westchester Arts Council payable by the plaintiff and the defendants Lyndhurst and National Trust for Historic Preservation, the complaint and all cross claims are dismissed insofar as asserted against the defendant Westchester Arts Council, and the action against the remaining defendants is severed.

The plaintiff allegedly was injured when she fell down an outside stairway while walking to a workshop sponsored by the defendant Westchester Arts Council (hereinafter WAC). The workshop was being held on property known as Lyndhurst, which is named herein as a defendant and which is owned by the defendant National Trust for Historic Preservation (hereinafter the National Trust). The plaintiff alleged that she fell on a tree root and a piece of metal, neither of which she saw before her fall. The Supreme Court denied the motion of Lyndhurst and the National Trust for summary judgment dismissing the complaint and all cross claims insofar as asserted against them and WAC's separate motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

WAC made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it did not own, possess, or control the property (*see, Magner v Southland Corp.,* 261 AD2d 450; *Stackpoole v Knights of Columbus,* 236 AD2d 532), or make a special use of the stairway at issue (*see, Morrison v Gerlitzky,* 282 AD2d 725; *Kiselis v Speculator Chamber of Commerce,* 234 AD2d 677). In opposition, the plaintiff failed to raise a triable issue of fact. Therefore, WAC's motion should have been granted.

To impose liability on a property owner, "there must be evidence tending to show the existence of a dangerous or defective condition, and that [it] either created the condition or had

actual or constructive notice of it and failed to remedy it within a reasonable time" (*Brown-Phifer v Cross County Mall Multiplex,* 282 AD2d 564). In opposition to the prima facie showing of entitlement to judgment as a matter of law made by Lyndhurst and the National Trust, the plaintiff raised a triable issue of fact as to whether they had actual or constructive notice of the alleged dangerous condition (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Green v Central Is. Nursing Home,* 268 AD2d 503). Therefore, their motion was properly denied.

The parties' remaining contentions are without merit. Florio, J.P., McGinity, Luciano and Schmidt, JJ., concur.