**55** JOYCE SANTO, Appellant, v PICK QUICK FOODS, INC., Doing Business as KEY FOOD, Respondent. [758 NYS2d 525] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (La-Torella, J.), dated June 12, 2002, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion to add Dan's Supreme Supermarkets, Inc., as a defendant.

Ordered that the order is affirmed, with costs.

The defendant made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that it did not own, possess, or control the property where the plaintiff was injured (*see Ross v Lyndhurst,* 290 AD2d 432 [2002]; *Gennosa v Twinco Servs.,* 267 AD2d 200 [1999]). In response, the plaintiff failed to raise a triable issue of fact that the defendant exercised such ownership, possession, or control (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]). Furthermore, in opposition to the defendant's establishment of prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the defendant created the alleged dangerous condition which caused her to fall (*see Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]; *Ellis v New York Racing Assn.,* 300 AD2d 621 [2002]). Additionally, the Supreme Court properly denied the plaintiff's cross motion to add Dan's Supreme Supermarkets, Inc., as a defendant, because the plaintiff failed to establish that Dan's

Supreme Supermarkets, Inc., and the defendant were united in interest (*see Buran v Coupal,* 87 NY2d 173 [1995]; *Brady v 5644 Ave. U Assoc.,* 291 AD2d 523 [2002]; *Malament v Vasap Constr. Corp.,* 285 AD2d 584 [2001]). Santucci, J.P., Smith, McGinity and Schmidt, JJ., concur.